Vol. 118]   APRIL TERM, 1904.   **51**

Citizens' Nat. Bank of Lebanon v. Commonwealth.
Marion Nat. Bank v. Same.
Farmers' Nat. Bank v. Same.

CASE 6—ACTION BY THE COMMONWEALTH AGAINST THE CITIZENS' NAT. BANK OF LEBANON TO REQUIRE IT TO LIST THE SHARES OF ITS STOCKHOLDERS FOR STATE, COUNTY, AND MUNICIPAL TAXATION.— APRIL 27.

# Citizens' Nat. Bank of Lebanon v. Commonwealth.
## Marion Nat. Bank v. Same.
## Farmers' Nat. Bank v. Same.

| | |
|---|---|
| 118 | 51 |
| 121 | 877 |
| 121 | 892 |
| 118 | 51 |
| 128 | 388 |
| 128 | 460 |
| 118 | 51 |
| 130 | 630 |

APPEAL FROM BOYLE CIRCUIT COURT—CHAS. PATTESON, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS AND PLAINTIFF FILES CROSS APPEAL. AFFIRMED ON CROSS APPEAL AND REVERSED ON DIRECT APPEAL.

TAXATION—LISTING OMITTED PROPERTY—MUNICIPAL TAXES—LIMITATIONS—RELEASE OF TAXES—VALIDITY—UNDER VALUATION— REMEDY—CREDITORS—OVERPAYMENTS—AUDITOR'S AGENT—COMPENSATION.

1. Since Ky. St., 1903, secs. 3531-3549, provide a system for the assessment and collection of municipal taxes on all property liable thereto, for fourth-class cities, shares of stock of national banks should not be listed, for the purposes of a fourth-class municipality, in the county court, under Ky. St., 1903, section 4241, providing for the listing of omitted property, and Act March 21, 1900 (Acts 1900, p. 65, c. 23), relative to taxation of national bank stock.

2. A proceeding by an auditor's agent to recover back taxes is barred after five years from the time when the property should have been assessed.

3. Under Const., section 52, providing that the General Assembly shall have no power to release, or authorize the release in whole or in part, of indebtedness due to the Commonwealth or to any county or municipality, an agreement between a bank and the fiscal court whereby the former was to pay certain sums in lieu of all claims of the latter for

Citizens' Nat. Bank of Lebanon. v. Commonwealth.
Marion Nat. Bank v. Same.
Farmers' Nat. Bank v. Same.

taxes against the shares of its stockholders was void, but sums paid thereunder should be credited on whatever was due to the county.

4. A tax on the franchise of a national bank similar to that imposed on State banks being void, a bank which paid such tax for a certain year should nevertheless list its property for that year, and be credited with the amount paid on the franchise tax.

5. Though it is the duty of the board of equalization to assess property at its fair cash value, yet, where they assess it too low, the State and the county are bound by the action of the fiscal officers, and such assessment can not be remedied in a judicial proceeding.

6. Overpayments of taxes made by a bank were properly credited, under the Hewitt bill, on a judgment in a proceeding to require the listing of the bank's property, though the auditor had already certified to the sheriff the amount due from the Commonwealth, and directed that officer to credit it on whatever execution came to his hands; but the officer should not credit such payments a second time on the execution.

7. Acts 1900, p. 65, c. 23, relative to taxation of national bank stock, does not give the Commonwealth a new cause of action, but a new remedy for the collection of taxes on national bank stock, so that in an action under the act against a national bank the statute of limitations is a bar to all recovery for taxes accruing more than five years before the institution of the action.

8. Where an auditor's agent sues to recover taxes on national bank stock, his compensation is to be based on the net result of the proceeding.

T. L. EDELEN, FOR APPELLANT.

### POINTS AND CITATIONS.

1. The Act of March 21, 1900, is unconstitutional;

(a) In that it created a distinction between the State and national banks, which puts it in the power of the former to drive the latter out of competition; Henderson Bridge Co. v. Com., 99 Ky., 623; Com. v. Louisville Water Co., 18 Ky. Law Rep., 620; Louisville Railway Co. v. Com., 105 Ky., 710; Louisville & Jeffersonville Ferry Co. v. Com., 22 Ky. Law Rep., 446; Henderson Bridge Co. v. Negley, sheriff, 23 Ky. Law Rep., 746; Louisville Tobacco Warehouse Co. v. Com., 105 Ky., 165; Adams Express Co. v. Ky.; 166 U. S., 171; Owensboro National Bank v. City of Owensboro, 173 U. S., 664; People of State of New York v. Com-

Citizens' Nat. Bank of Lebanon v. Commonwealth.
Marion Nat. Bank v. Same.
Farmers' Nat. Bank v. Same.

missioners of Taxes, 2 Black, 620; "Bank Tax Cases" 2 Wall., 200; Bank of Kentucky v. Com., 9 Bush, 46; Van Broklin v. Tennessee, 117 U. S., 156; Bank v. Supervisors, 7 Wall., 26; Banks v. Mayor, 7 Wall., 16; State v. Stonewall Ins. Co., 86 Ala, 338; National Commercial Bank v. Mobile, 62 Ala., 292; People v. Home Ins. Co., 29 Cal., 537; Nevada v. Bank of Nevada, 4 Nev., 354; People v. Supervisors of Otsego, Co., 51 N. Y., 404; German American Savs. Bank v. Burlington, 54 Iowa, 611; Home Mutual &c., Co. v. New Orleans, 20 La. An., 449; State v. Rogers, 79 Mo., 290; State v. Haight, 31 N. J. L., 409; 34 N. J. L, 130; Van Allen v. Assessors, 3 Wall., 573; People v. Commissioners, 4 Wall., 244; Adams v. Nashville, 95 U. S., 20; First National Bank of Louisville v. Com., 9 Wall., 353; Bradley, etc. v. People of State of Illinois, 4 Wall., 459; People of State of New York v. Commissioners of Taxes, 94 U. S., 415; McHenry v. Downer, 116 Cal., 20.

(b) It imposes a penalty retrospectively and is therefore a violation of that provision of the Federal Constitution which inhibits the States from passing *ex post facto* laws or laws impairing the obligations of a contract. Walston v. Com., 16 B. Mon., 37; Calder v. Bull, 3 Dallas, 386.

2. The judgment of the court below was erroneous, because no assessement should be made where it appears that the levies were invalid.

3. The judgment should be affirmed on cross-appeal, because the revenue agent has no authority to enforce an assessment for the benefit of a city of the fourth class whose charter provides specifically a method by which retrospective assessments could be had.

4. Under the authority of the case of Commonwealth v. Nute, 24 Ky. Law Rep., 2138, any retrospective assessment beyond five years was invalid.

JOHN McCHORD, W. J. LISLE AND THOMPSON & SPAULDING, ATTORNEYS FOR APPELLANT.

The defenses relied on by appellant are as follows:

1. That the plaintiff is not authorized by law to require the defendant bank to assess or have assessed the shares of stock held by its stockholders, for taxation for any purposes, for the years 1892 to 1898, inclusive, or for either of those years.

2. For the years 1892 to 1897, defendant accepted the provisions of what is known as the Hewitt law, and during those years paid

Citizens' Nat. Bank of Lebanon v. Commonwealth.
Marion Nat. Bank v. Same.
Farmers' Nat. Bank v. Same.

to the auditor, seventy-five cents on each $100.00 of the value of its property in lieu of all other taxes.

3. For the year 1899, neither the bank nor its shareholders assessed in any manner for taxation any shares of stock owing to the confusion resulting from litigation and unsettled opinions of the courts, as to the mode of assessing and paying taxes on shares of national banks under the Hewitt law and the franchise law.

4. For the years 1900, 1901 and 1902, the cashier of appellant, assuming to act for its shareholders, listed with the county assessor, 1,000 shares of stock held in the appellant bank for each of these years and paid the taxes on the valuation fixed by the county board of supervisors.

5. There is no statute of this State providing for the assessment of the shares of stock in State banking institutions; there being a discrimination in favor of State banks as against national banks, and therefore in violation of sec. 5219, U. S. Statutes.

6. The county levies made by the fiscal court of Marion county, for the several years in which taxes are sought, fail to express the purpose for which they were made, and are in violation of sec. 180, of the State Constitution.

### AUTHORITIES CITED.

U. S. Statutes, sec. 5219; Acts Ky. Legislature, March 21, 1900, p. 65; Owensboro Nat. Bank v. Owensboro, 173 U. S. Supreme Court Reports, p. 852, Ky. Constitution, sec. 52; City of Louisville v. Stone, 23 R., 478; Louisville Banking Co. v. Thomas, 24 R., 115, 811; L. & N. R. R. v. Com., 6 R., 90; Com. v. City of Lexington, 6 R., 519; Van Allen v. Assessors, 3 Wall., 519; Bradley v. The People, 4 Wall., 462.

WM. W. SPALDING AND HENRY L. STONE FOR APPELLEE.

### POINTS AND AUTHORITIES CITED.

1. The motion to strike the bills of exceptions from the records on these appeals should be sustained. Section 3, Sub-division 1, Art. 13; General Revenue Act of March 29, 1902; Pennington v. Woolfolk, 79 Ky., 16; Hoke v. Commonwealth, 79 Ky., 570; Baldwin v. Shine, 84 Ky., 513; Cassidy, Auditor's Agent v. Voung, County Judge 92 Ky., 227; Whitaker, Auditor's Agent v. Brooks, 90 Ky., 72.

Citizens' Nat. Bank of Lebanon v. Commonwealth.
Marion Nat. Bank v. Same.
Farmers' Nat. Bank v. Same.

2. The action of the fiscal court in attempting to compromise the liability of appellants for county taxes of years prior to 1899, and its subsequent attempt to compromise county taxes of 1899, were unconstitutional, *ultra vires*, and void. Owensboro National Bank v. City of Owensboro, 173 U. S., 664; Sec. 170, 172, State Constitution; Secs. 4020, 4052, Kentucky Statutes; Cooley on Taxation, pp. 351, 352; Slaughter, etc. v. City of Louisville, 89 Ky., 122; Springfield v. People's Deposit Bank, 63 S. W., 221; Morgantown Deposit Bank v. Johnston, Sheriff, 56 S. W., 825; Campbell County Court v. Taylor, 8 Bush, 208; Spalding, M. C. v. Commonwealth, 88 Ky., 135; Hoke v. Commonwealth, 79 Ky., 567; L. & N. R. R. Co. v. Commonwealth, 1 Bush, 259; Turner v. Town of Pewee Valley, 38 S. W., 148; Bruce v. Vanceburg and S. L. T. P. Co., 35 S. W., 112; Davidson v. Sterrett, 13 R., 265; Sec. 52, State Constitution; City of Louisville v. Louisville Railway Co., 63 S. W., 14; 23 R., 390.

3. The attempted assessments by the board of supervisors and assessors were either an assessment of a portion of the shares of stock in the appellant banks or said attempted assessment were and are unconstitutional, *ultra vires*, and void. Secs. 4058, 4275, 4120, 4241, 4115, to 4128, Kentucky Statutes; Revenue Act, sec. 6; secs. 52, 170, 171, 172, 174, State Constitution; secs. 4020, 4044, 4247, General Revenue Statutes; Cooley on Taxation, p. 352-3; Paducah Street Railway Co. v. McCracken County, 49 S. W., 178; Louisville Railway Co. v. Commonwealth, 49 S. W., 486; Baird v. Williams, 6 S. W., 4; South Nashville Street Railway Co. v. Morrow, 11 S. W., 349; Clark v. Belknap, 13 S. W., 214; People, etc. v. Coleman (N. Y.), 12 L. R. A., 770; Hersey v. Supervisors, 37 Wis., 75; Marsh v. The Supervisors, 42 Wis., 502; Goff v. Supervisors, 43 Wis., 55; Schettler v. Ft. Howard, 45 Wis., 519; State Board of Equalization, etc v. People, etc., 191; Ill., 58 L. R. A., 513; Pacific Hotel Co. v. Lieb, 83 Ill., 602; Chicago, B. & Q. R. Co. v. Cole, 75 Ill., 591; Taylor v. Louisville & Nashville R. Co., 88 Fed. Rep., 350.

4. In these proceedings in which the sole relief asked is the assessment of property, it was error in the court below to have given credit by the excess paid under the Hewitt act, as this credit pertains to the collection of the tax and not to the assessment of appellant's property. Acts, 1900, p. 66; sec. 4241, Kentucky Statutes.

5. The question of the legality of the Marion county levies attacked by appellant's answer has no place in these proceedings for the assessment of property. If it has, however, the lower court did

not err in holding said levies valid. Commonwealth v. Taylor, 41 S. W., 11; secs. 1882, 4307, Ky. Stats.; Burch v. City of Owensboro, 36 S. W., 12; Pulaski County v. Watson, 50 S. W., 861; Wathen, Mueller & Co. v. Young, sheriff, 103 Ky., 41.

6. The jurisdiction to make retrospective assessments of property originally assessable by the county assessor for State and county purposes belongs to the county court and to that tribunal alone. Sections 4241, 1882, 1883, Kentucky Statutes; Stone, auditor v. City of Louisville, 22 R., 423; L. & N. R. R. Co. v. Commonwealth, 6 R., 90.

7. The lower court did not err in its assessments of the shares in the appellant Marion National Bank for the year 1899. Section 4092, Kentucky Statutes.

8. Some of the untenable arguments advanced by counsel for appellants: Coulter v. Louisville Bridge Co., 70 S. W., 25; 24 R., 811; City of Louisville v. Lou. Ry. Co., 63 S. W., 14; Stone v. Bank, 174 U. S., 428; Keokuk & H. Bridge Co. v. People, 44 N. E., 206; Union Trust Co. v. Weber, 96 Ills., 346; Keokuk & H. Bridge Co. v. People, 34 N. E., 482; Spring Valley Coal Co. v. People, 41 N. E., 874; Bear v. Bear, 33 N. E., 878; Treadwell v. McEwan, 13 N. E., 850; Bryant v. Simonean, 51 Ills., 324; Bollock v. Norrott, 49 Ills., 62; Gray v. St. John, 35 Ills., 222; Bores v. Henney, 32 Ills., 130; Pacific Hotel Co. v. Lieb, 83 Ills., 602; Spring Valley Coal Co. v. People, 41 N. E., 874; State Board of Equalization, et al. v. People of the State of Illinois, ex rel Catherine Goggin, et al., 191 Ills., 528; 58 L. R. A., 513.

9. The pleas of limitation are defective, but if properly pleaded present no bar to retrospective assessments for either of the years mentioned in appellee's statements. Chicago, St. Louis & New Orleans Ry. Co. v. Commonwealth, 24 R., 2124; Commonwealth v. Nute, 24 R., 2138; Sess. Acts., 1900, p. 66; Cassity v. Storms, 1 Bush, 453; McCracken Co. v. Mercantile Trust Co., 84 Ky., 344; Lawrence v. City of Louisville, 96 Ky., 595; Woodward v. Enders, 5 R., 608; Jones v. Jones, 5 R., 774; Pitchford v. Gatewood, 10 R., 112; Arling v. Kenton B. & S. Asso., 8 R., 698; Hutcheson v. Tabor, 13 R., 430; Louisville Hotel Company v. Taylor, 10 R., 150; Herold v. Fisk, 16 R., 63.

10. The retrospective feature of the act of March 21, 1900, is legal and enforcible. Owensboro National Bank v. City of Owensboro, 173 U. S., 664; Scobee, sheriff v. Bean, 22 R., 1076; Board of Councilmen of Frankfort v. Mason & Foard Company, 100 Ky., 54; City of Chester v. Black (Pa.), 6 L. R. A., 802; Mills v. Charleton, 29 Wis., 400; Re Van Antwerp, 56 N. Y., 251; 2 Desty

Citizens' Nat. Bank of Lebanon ,v. Commonwealth.
Marion Nat. Bank v. Same.
Farmers' Nat. Bank v. Same.

on Taxation, 647; Lang v. Kiendi, 27 Hun., 66; Plumer v. Mara-
thon Co., 46 Wis., 181; Winona & .St. Peter Land Co. v. Minnesota,
159 U. S., 539; Florida Central & Peninsular Railroad Company
v. Reynolds, 183 U. S., 474; sec. 4241, Kentucky Statutes; Marion
County v. Louisville & Nashville Railroad Company, 91 Ky., 388;
Cooley on Taxation, pp. 305-306; Mattingly v. Dist. of Col., 97
U. S., 687; Vaughan v. Swayzie, 56 Miss., 705; First National
Bank v. City of Covington, 103 Fed Rep., 523; City of Covington
v. First National Bank, 186 U. S., 270.

11. There is no discrimination against national banks by the
provisions of the act of March 21, 1900. Owensboro National
Bank v. City of Owensboro, 173 U. S., 664; American National
Bank v. Stone, auditor, 88 Fed. Rep., 43; First National Bank of
Louisville v. Commonwealth, 9 Wall., 353; Van Allen v. The As-
sessors, 3 Wall., 573; Bradley v. People of State of Illinois, 4 Wall.,
459; Parker v. Siebern. (Ohio), 5 Am. L. Reg. N. S., 526; Rich-
ards v. Rock Rapids, 31 Fed. Rep., 505; Van Slyke v. State, 23
Wis., 655; Bagnoll v. State, 25 Wis., 112; Mercantile National
Bank v. New York, 28 Fed. Rep., 776; Davenport National Bank
v. Board of Equalization, 64 Iowa, 140; Davenport National Bank
v. Davenport Board of Equalization, 123 U. S., 83; Mercantile
National Bank v. New York, 121 U. S., 138; Merchants & Manu-
facturers National Bank v. Pennsylvania, 167 U. S., 461; Scobee,
sheriff v. Bean, 22 R., 1079; First National Bank v. Chehalis
County, 166 U. S., 440; First National Bank v. City of Covington,
103 Fed. Rep., 523; Sess. Acts, 1900, pp. 89-90.

OPINION OF THE COURT BY JUDGE BARKER.

An auditor's agent instituted this proceeding in the Marion
county court to require the appellant to list the shares of its
stockholders for State, county, and municipal taxation for
the years 1893-1902, inclusive, under the provisions of section
4241, Ky. St., 1903, and an act approved March 21, 1900
(Acts 1900, p. 65, c. 23), entitled "An act relating to the tax-
ation of the shares of stock of national banks." A demurrer
to so much of the proceeding as sought to list in the county
court the property involved herein for municipal purposes
was sustained by the court, as we think, correctly; Lebanon

being a city of the fourth class, and it appearing from an inspection of subdivision 5 of the act for the government of cities of the fourth class (Ky. St. 1903, sections 3531-3549, inclusive), that they are provided with an elaborate system for the purpose of assessment and collection of municipal taxes on all property liable thereto. The bank then pleaded in bar to the proceeding against it the following defenses: (1) The statute of limitation. (2) As to the county taxes, two compromises with the fiscal court, by which it paid certain sums in 1898 and 1899 in full settlement of the county's claim for taxes against it. (3) As to the claim for State taxes, it was admitted that the bank had fully paid all claims against it up to the year 1900, except for the year 1899. As to that year, it appears that the bank paid a franchise tax to the auditor, amounting to $813.75. This was pleaded in bar to any further taxation for the given year. (4) For the years 1900, 1901, and 1902, the bank alleges that its property was duly and legally assessed by the county board of equalization, and that it fully paid its taxes for those years. (5) The invalidity of the act of 1900.

There is no dispute in this case as to the facts. The questions arising are purely of law, and will be considered in the order above named.

The county court listed the stock of appellant's shareholders for State and county taxation for all the years as claimed in the petition of the Commonwealth, overruling all the defenses of appellant. Upon appeal to the circuit court, this judgment was substantially affirmed, of which appellant is now complaining.

The plea of the statute of limitation should have been sustained. Commonwealth v. Nute, 72 S. W., 1090; 24 Ky.

Law Rep., 2138; Chicago, St. Louis & N. O. Ry. v. Commonwealth, 72 S. W., 1119; 24 Ky. Law Rep., 2124; and Commonwealth v. Citizens' National Bank (opinion filed April 15, 1904) 117 Ky.—, 25 R., 2100; 80 S. W., 158. This eliminates all further consideration of any of the years involved in this litigation prior to five years next before the institution of this proceeding (1902).

As to the compromises with the fiscal court of Marion county, it appears that, at the time they were made, great confusion and uncertainty existed as to the legal status of national bank stock for the purpose of taxation; it being unknown whether or not, under the law as it then existed, it was taxable at all, or, at least, this was the opinion of the parties in interest here. Whereupon the bank and the fiscal court agreed that the former should pay certain sums in lieu of all claims of the latter for taxes against the shares of its stockholders. These compromises, under the provisions of section 52 of the Constitution, as expounded in the case of City of Louisville v. Louisville Railway Company, 63 S. W., 14; 23 Ky. Law Rep., 390, were *ultra vires* and therefore void, as the court below correctly decided. The sums paid thereunder are to be credited upon whatever is found due to the county, under the principles herein enunciated, upon the return of the case to the lower court.

In 1899 the franchise of the bank appears to have been listed with the auditor in the same manner as State banks are required to do, and $813.75 paid to that officer as a franchise tax. This was an unauthorized procedure. Owensboro National Bank v. Owensboro, 173 U. S. 664; 19 Sup. Ct., 537; 43 L. Ed., 850. And therefore appellant should be required to list its property for that year, receiving credit for the amount paid the auditor on whatever is found due.

For the years 1900, 1901, and 1902, the bank, by its proper officers, went before the county board of equalization, and stated all the facts concerning the shares of its stockholders that were necessary to enable those officials to lawfully assess it for taxation. The number of shares was given, their par value, and the highest price at which any of it had been sold, together with all other data by which an intelligent opinion could be acquired as to its actual cash value. Whereupon the board, having all the facts before them, assessed the stock as so much cash, at 60 per cent. of its real value. This was held by the court as a mere assessment *pro tanto* and the difference between the assessment and the actual value of the whole stock was considered as omitted property, and listed for taxation for the years named. In this, we think, the court erred. It was the duty of the board of equalization to assess the property for the years involved at its fair cash value, but the fact that they assessed it too low can not be remedied in a judicial procedure. Both the State and the county, in this regard, are bound by the action of their fiscal officers.

It is urgently insisted by appellant that the act of March 21, 1900, regulating the taxation of national bank stock, is void, because it permits an illegal discrimination against stock in national banks, as compared with other moneyed capital in the hands of individual citizens, contrary to the provisions of the federal statute authorizing its taxation. This question was fully settled in the case of Commonwealth v. Citizens' National Bank, cited above. In that case the court, speaking through Judge Hobson, elaborately discussed the phase of the question now under consideration, and upheld the act by showing that the very purpose of the Legis-

Citizens' Nat. Bank of Lebanon v. Commonwealth.
Marion Nat. Bank v. Same.
Farmers' Nat. Bank v. Same.

lature was to insure equality of taxation between State and national banks, and holding that, in the assessment of the shares of the stockholders in the latter institutions, no discrimination was to be made as between it and the property of the former; that whatever deductions were authorized and given to the State banks when their property was assessed was also to be given when the shares of the stockholders in national banks were assessed, under the provisions of the act.

Appellee prayed a cross-appeal from so much of the judgment as credited appellant with over payments under the provisions of the Hewitt bill. This cross-appeal was prosecuted because the auditor had already certified to the sheriff of Marion county the amount due from the Commonwealth, and directed that officer to credit it on whatever execution came to his hands against the bank in this proceeding, and therefore, as the judgment also credits appellant with the same sum, it thereby secures a double credit. The court very properly allowed the credit in the judgment. The officer will, of course, not credit it a second time when the execution comes to his hands.

For the reasons indicated, the judgment is affirmed on the cross-appeal, and reversed on the direct appeal, for proceedings consistent with this opinion.

Response of Judge Barker to petition by appellant for rehearing:

These cases were considered together, as they (with slight differences) involved the same questions. The court erred in attributing to the Citizens' National Bank the payment of a franchise tax, when it was the Marion National Bank, which made the payment. We now make the correction

by withdrawing all that was said in this matter so far as the Citizens' National Bank is concerned and extending it to the Marion National Bank. The act of 1900 (Acts 1900, p. 65, c. 23) did not give the Commonwealth a new cause of action, but a new remedy for the collection of taxes on national bank stock. The stock was always assessable in the hands of its owner. The new law merely made the bank the agent for the stockholders to pay the tax on stock, which payment it recoups from the stockholders out of the dividends due them. This being true, the statute of limitation is a bar to all recovery beyond five years next before the institution of these proceedings.

The remuneration of the auditor's agent is to be based on the amount actually covered into the treasury by his efforts, which, of course, means the net result of this proceeding.

We do not think the county levies for the years involved were void.

Petition for rehearing and other modification, except as herein indicated, overruled.