CASE 40.—ACTION BY FIRST NATIONAL BANK OF HOP-
KINSVILLE KENTUCKY AGAINST THE CITY OF
HOPKINSVILLE TO RECOVER TAXES CLAIMED TO
HAVE BEEN ILLEGALLY COLLECTED BY THE
CITY.—March 13.

## First National Bank v. Hopkinsville, Ky.

Appeal from Christian Circuit Court.

THOMAS P. COOK, Circuit Judge.

From a judgment dismissing the petition plaintiff appeals—Affirmed.

Taxation—Assessment—Correction — Jurisdiction of Courts.—An action by a bank against a city to recover money paid as taxes, on the ground that the assessment is too high, is in effect an action to correct the assessment, of which the courts have no jurisdiction; the assessment having been made by the proper officers and examined and approved by the boards

provided by law, and no complaint made to them within the time prescribed by law, their action is conclusive upon the parties.

DOWNER & RUSSELL for appellants.

CLASSIFICATION OF AUTHORITIES.

1. Taxation of United States Bonds. (Marion National Bank of Lebanon v. Burton, Sheriff, 28 Ky. Law Reporter, 864; Citizen's National Bank of Lebanon v. Same.

2. Involuntary payment of taxes. Ky. Stats., 3544; City of Louisville v. Anderson, &c., 79 Ky. Law Rep. 334, 343, 344; Louisville & Nashville R. R. Co. v. Hopkins, County, 87 Ky. Law Rep., 613, 614; Same v. Commonwealth, Use of Marion County, 89 Ky. Law Rep., 539; German Security Bank v. Coulter, Auditor, 23 Ky. Law Reporter, 1888.)

3. Correcting Assessment—Money Had and Received. (Cooley on Taxation, 746, 815, 816, 822; City of Louisville v. Anderson, &c., 79 Ky. Law Rep., 334, 339; German Security Bank v. Coulter, Auditor, 23 Ky. Law Reporter, 1890, 1888; Newman's Pleading & Practice, (2d Ed.), 122d; Underwood v. Brockman, 4 Dana, 309; Ray v. Bank of Kentucky, 3 B. Mon., 513; Gratz v. Redd, 4 B. Mon., 191; City of Louisville v. Zanone, 1 Metcalfe, 151.)

4. The equity of appellant's claim. (Acts of 1904, 145.)

5. Conclusion. (Acts of 1906, '134; Kentucky Statutes, 3481; Marion National Bank of Lebanon v. Burton, Sheriff; Citizen's National Bank of Lebanon v. Same, 28 Ky. Law Reporter, 864.)

J. W. KNIGHT, City Atty. and DUFFY & RIVES for apellee.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. This is in the nature of an action for relief on account of an excessive assessment. And it is a well settled principle of law that when the proper assessing officers, in the time and substantially in the manner prescribed by law, have acted in fixing the value of property liable to assessment for taxation, and no relief has been sought in the time allowed for correction, their action is final. (Coulter, Auditor, v. Louisville Bridge Co., 24 Ky. Law Rep., 809; German Security Bank v. Coulter, Auditor, 23 Ky. Law Rep., 1888; Royal Wheel Co., v. Taylor County, 20 Ky. Law Rep., 904.)

2. Appellant's taxes were not paid under a mistake of law, but its property was assessed and its taxes paid according to the

First National Bank v. Hopkinsville, Ky.

laws of this State, as enacted by the General Assembly, and as interpreted by all the courts of this State including the court of last resort, at the time. (Henderson National Bank v. City of Henderson, 91 Ky. Law Rep., 728; Franklin County v. L. & N. R. R. Co., 84 Ky., 59.)

3. The rule that money paid under a mistake of law may be recovered by suit, applies to money paid as taxes, where the payment was involuntary, and when the whole assessment was void, and no part of the property was subject to taxation by the authorities levying and collecting the tax. (City of Covington v. Powell, 2 Met., 326; City of Louisville v. Anderson, 79 Ky., 284.)

4. The rule laid down in the above cases does not apply where the payment was voluntary, or a part of the property was subject to taxation, or where the proper deduction was not made in assessing the property, as in this case. (German Security Bank v. Coulter, Auditor; L. & N. R. R. Co. v. Hopkins County, 87 Ky., 605.)

5. There is a total want of equity in appellant's claim. Its property was assessed at at least twenty thousand dollars below its actual value on the statement furnished by it.

6. The lower court erred in refusing to allow appellee to file its amended petition.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-MISSIONER—Affirming.

Appellant, First National Bank of Hopkinsville, Ky., instituted this action against the city of Hopkinsville to recover taxes claimed to have been illegally collected by appellee. The petition alleged that appellant was assessed on its shares of stock for the year 1905 the sum of $60,087; that the tax rate of the city of Hopkinsville for the year 1905 was $1.50 on the $100, thus making the tax imposed on appellant the sum of $901.30, which sum appellant paid to appellee; that at the time of the assessment appellant was the owner of $50,000 worth of government bonds, in which its capital stock and surplus were invested; that State banks and trust companies were entitled to deduct from the aggregate value of their assets all non-tax-

able securities which they then owned, and that appellant was entitled to the same right; that no deduction from appellant's taxes was made on account of said bonds; that appellant paid to the appellee on the United States bonds owned and held by it the sum of $750, for which sum judgment was asked, with interest from the date of payment. The case was transferred to equity. Various demurrers and pleadings were filed, and, upon the final submission of the case, judgment was entered dismissing appellant's petition.

It is the contention of appellee that appellant's action is in effect one to correct an assessment, and that, having failed to go before the proper authorities for the purpose of having the assessment corrected, the action of the authorities is final and conclusive, and appellant is now without remedy. On the other hand, it is the contention of appellant that, while the action grows out of or is based upon an erroneous assessment, the purpose is not to correct the assessment. It is simply an action to recover money had and received, which was illegally collected from appellant. We are unable to see the force of appellant's argument. The only method by which a court could determine whether or not the money collected by appellee was illegally collected would be to review the assessment, and pass upon the question of whether or not it was properly made. We can not assume that no deduction was made on account of United States bonds owned by appellant. The only way by which we could ascertain this fact would be to examine the assessment, and determine whether or not a proper valuation was fixed upon appellant's shares of stock. The effect of this would be to substitute the judgment of the court for that of the assessing officers; in other words, to make a new assessment. This is not a case

where the assessment is void. Nor is it a case where a party is assessed upon property which he does not own. It is simply a case where the claim is made that the assessment is too high because appellant was not given credit in the assessment fixed for the amount of its government bonds. In order to hold that appellant is entitled to recover, we would have to say that the assessment was too high. This we have no power to do after the assessing officers have passed upon the question, and no complaint has been made to them within the time prescribed by law. In the case of Coulter, Auditor, v. Louisville Bridge Co., 114 Ky. 42, 70 S. W. 29, 24 Ky. Law Rep. 809, the rule is thus stated: "We are of opinion, and hold, that when the proper assessing officers, within the time and substantially in the manner prescribed by statute, have acted in considering and fixing the valuation upon property liable to assessment for taxation, and no relief has been obtained within the time allowed by statute for correcting their action, if erroneous, that action is final. The judgment and action of the assessor, based upon the legal evidence then obtainable and at hand and as fixed by statute, when recorded in the proper tax lists, in the very nature of things should be conclusive upon the State as well as against the taxpayer." In the case of Commonwealth, etc., v. American Tobacco Co., 96 S. W. 466, 29 Ky. Law Rep. 745, this court said: "It has often been held that the fact that assessing officers assess property too low is no ground for relief in a proceeding such as this, as the court has no supervisory jurisdiction on assessments which have been examined and approved by the boards provided by law. Muir's Committee v. Commonwealth, 14 Ky. Law Rep. 478; Commonwealth v. Coffee, 12 Ky. Law Rep. 717. It is only

where the question is not one of valuation, but of omission to list at all, that the court may take jurisdiction in a case like this. Butler v. Watkins' Exrs., 27 S. W. 995, 16 Ky. Law Rep. 305; Coulter v. Bridge Co., 114 Ky. 42, 70 S. W. 29, 24 Ky. Law Rep. 29; Chicago, etc., R. R. Co. v. Commonwealth, 115 Ky. 278, 72 S. W. 1119; Citizen's National Bank v. Commonwealth, 118 Ky. 51, 80 S. W. 479, 25 Ky. Law Rep. 2254. Manifestly the same rule applies where the claim is that the assessment is too high.

Appellant's property was assessed by the proper officers. The assessment was examined and approved by the boards provided by law. Their action, therefore, is final and conclusive, both upon appellant and appellee. That being the case, the courts have no jurisdiction to supervise and correct the assessment. It will be unnecessary to consider the other grounds of defense.

For the reasons given, the judgment is affirmed.