CASE 51.—MANDAMUS BY THE COMMONWEALTH AGAINST THE SOUTHERN PACIFIC COMPANY AND AN-OTHER.—JUNE 19, 1909.

# Southern Pacific Co. v. Commonwealth

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for Commonwealth, and the company appeals.—Reversed.

1. Taxation.—Railroad Companies—Franchise.—Ky. St. 1909, Sec. 4081, providing that, where the lines of a railroad company shall extend beyond the state, the state board of valuation and assessment shall fix the value of the capital stock as before provided, and that the proportion of the value of the capital stock which the length of the lines in the state bears to the total length of the lines in the state and elsewhere shall be considered in fixing the value of the franchise of the company liable for taxation, does not provide that the proportion between the lines in the state, and the total length in and out of the state, shall be conclusive, but simply that it shall be considered in fixing the value of the franchise.

2. Taxation—Error in Valuation—Effect.—Where, owing to the fact that a railroad company incorporated in the state had no lines therein, Ky. St. 1909, Sec. 4081, providing that the proportion of the value of the capital stock which the length of the lines of a railroad company in the state bears to the total length in the state and elsewhere shall be considered in valuing the franchise for taxation, furnished no criterion by which to assess its franchise, and the state board of assessment and valuation in entire good faith, lumped it at a certain sum, and there is an entire failure to show fraud or mistake, and taxes were paid upon the valuation, its action was not void and if the board erred in judgment, that is no reason why a mandamus should be awarded, requiring it to again meet and assess the franchise.

HUMPHREY, DAVIE & HUMPHREY for appellant.

Southern Pacific Co. v. Commonwealth.

N. B. HAYS, JAS. BREATHITT, J. SMITH HAYS, CHAS. H. MORRIS and JOHN W. RAY for appellee.

No briefs in the record.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The Southern Pacific Company was incorporated by an act of the Kentucky Legislature approved March 17, 1884. Acts 1883-84, p. 725, c. 403. By its charter very broad powers were conferred, and it was provided in the charter among other things that the company might lease, own, or operate any railroad, but that it should not have power to lease, own or operate any railroad in Kentucky. By an amendment to the charter this was qualified so as to make the section read that it should not lease, own or operate any railroad in the state of Kentucky, except subject to and in conformity with the provisions of the laws of the state of Kentucky applicable to railroads, and with no special rights except the general and ordinary rights of common carriers possessed by railroads generally. The company maintains its chief office at Beachmont, near Louisville, Ky., and there the meetings of its stockholders are held annually. It owns and operates a line of steamships between New York and New Orleans and Galveston, also a line of railroad from El Paso, Tex., to San Francisco, Cal., and to Portland, Ore., and from San Francisco to Ogden, Utah, with various branches. It also controls the line of railroad from El Paso, Tex., to New Orleans, La., although this line is operated under a separate organization by reason of the statutes of the state which so require. It employes 60,000 employes. It made its reports regularly to the Auditor under section 4077, Ky. St. 1909, and upon these

reports was regularly assessed by the state board of valuation and assessment for a franchise tax for the years 1902, 1903, 1904, 1905, 1906; the board assessing its franchise for each of these years at $1,000,000. This suit was brought by the Attorney General against the board and the Southern Pacific Company, in which it was charged that the valuation made by the board of the franchise was unauthorized, illegal, fraudulent and void. A mandamus was prayed requiring the board to meet again and assess the franchise for each of the years named. An answer was filed putting in issue the allegations of the petition, and on final hearing the circuit court adjudged the plaintiff the relief sought. From this judgment the Southern Pacific Company appeals.

As shown by its report to the Auditor the defendant operates the following railroads and water lines:

| Railroads. | Miles. |
| --- | --- |
| Central Pacific Railway | 1,489.26 |
| Oregon & California Railroad (Oregon) | 666.16 |
| South Pacific Coast Railway (California) | 100.36 |
| Southern Pacific Railroad Company | 3,394.28 |
| New Mexico & Arizona Railroad | 88.19 |
| Sonora Railway (Mexico) | 262.60 |

| Water Lines. | |
| --- | --- |
| New York to New Orleans (ocean line) | 1,800.00 |
| New Orleans to Havana (ocean line) | 700.00 |
| New York to Galveston (ocean line) | 1,900.00 |
| Certain other ferries and water lines | 324.69 |

All of these railroads, as well as the steamship lines, are operated directly by the Southern Pacific Company. Besides this the Southern Pacific Company owns all, or a majority of the stock in the following railroads:

|  | Miles. |
|---|---|
| Galveston, Harrisburg & San Antonio Railway (Texas) | 1,342.71 |
| Houston, East & West Texas Railway | 190.94 |
| Houston & Shreveport Railroad | 39.78 |
| Houston & Texas Central | 789.01 |
| Iberia & Vermillion Railroad (Louisiana) | 15.64 |
| Louisiana Western Railroad | 198.28 |
| Morgan's Louisiana & Texas Railroad & Steamship | 350.95 |
| Nevada & California Railway | 330.48 |
| Texas & New Orleans Railroad | 446.18 |
| Or a total of | 3,703.97 |

The defendant's report filed with the State Auditor for 1906 shows the following vaulation of said property in round numbers:

(1) Stock in foreign corporations (at par) ... ... ... ... ... .......$403,000,000 00
(2) Bonds (par value) ............ 15,000,000 00
(3) Ships, tugs and steamers........ 8,000,000 00

A total of over.................426,000,000 00

The reports for the other years disclosed practically the same facts.

No part of the lines of the company lie in Kentucky, and by section 4081, Ky. St., 1909, it is provided that, where the lines of such a corporation extend beyond the limits of this state, the board will fix the value of the capital stock as before provided, and that the proportion of the value of the capital stock which the length of the lines operated, owned, leased or controlled in this state bears to the total

length of the lines owned, leased, or controlled, in this state and elsewhere shall be considered in fixing the value of the corporate franchise of the corporation liable for taxation in the state. The difficulty which the board encountered when they went to fix the value of the franchise of the corporation was that no part of its lines lying in Kentucky, the statute gave them no criterion by which to assess the franchise. The company insisted that it was not liable to any tax under the statute, and finally the board fixed the value of the franchise at $1,000,000, the company agreeing that it would acquiesce in this, and this valuation was continued for each of the years named. It is insisted that this action of the board was purely arbitrary, and was void.

There is no showing that any fact was concealed from the board. The reports of the company to the board disclosed all the facts which are now shown by the record before us. On these facts the board was required to exercise its judgment and fix the value of the franchise. The statute does not provide that the proportion between the lines in this state and the lines in and out of this state shall be conclusive. It simply provides that this fact shall be considered by the board. The relative length of the lines in and out of this state would throw much light on the value of the franchise exercised in this state; but there might be other facts throwing light on the question. The Constitution provides that all property shall be assessed at its fair cash value, and so the board was left under the statute to fix the value of the franchise at its fair cash value on all the facts before it. With all the facts before it, the board fixed the value of the franchise at $1,000,000. The rule is elementary that, though an assessing officer

errs greatly in judgment in fixing the value of the property, his action is not void unless procured by fraud or made by mistake. The board acted in perfect good faith. They had before them a very difficult problem. In proceedings instituted by revenue agents, property belonging to the company was assessed each year as omitted amounting to between $2,000,000 and $3,000,000 and all these taxes have been paid year after year by the company. There is an entire failure to show fraud or mistake. The proof simply shows that the board, being in great doubt how to assess the franchise or how to determine its value, finally lumped it at $1,000,000. This was an exercise of judgment on their part. The statute confided to them the valuing of the property. The taxes were paid upon the valuation. Their action was not void. They discharged the duty devolved upon them by the statute as best they could, and, if they erred in judgment, that is no reason why the court should award a mandamus against them requiring them to meet again and make an assessment of the franchise. If a mandamus were awarded, the present board would only be able to make another lump assessment on the same report.

Practically the same question was before us in Coulter, Auditor, v. Louisville Bridge Co., 114 Ky., 42; 70 S. W., 29; 24 R., 809. In that case upon the report made to it by the company, the board, in 1899, made this entry on its record: "No franchise." In 1900 the board on the same report made an assessment of $662,988, proceeding upon the idea that the preceding board had failed to act. But this court held the assessment void. It said: "If the board of 1898 had fixed a valuation of $100,000 on appellee's franchise, acting under the same circumstances as shown

in this case, and appellee had paid the tax, could appellant and his associates constituting the present board have ignored that action, and revalued and reassessed the franchise? If they could, then there is no end to this thing. Nor would there be to any assessment or listing of any property for taxation by any assessing board or assessor. We are of opinion and hold that when the proper assessing officers, within the time and substantially in the manner prescribed by statute, have acted in considering and fixing the valuation upon property liable to assessment for taxation, and no relief has been obtained within the time allowed by statute for correcting their action, if erroneous, that action is final." Here the board in the years named acted upon the reports returned to it and made an assessment. Their action is final, and the present board is without authority to act in the premises.

Judgment reversed and cause remanded, with directions to the circuit court to dismiss the petition.

NUNN, J., concurs in the conclusion, but not in the reasoning, of the opinion, being of opinion that the board had no authority to act at all.

LASSING, J., not sitting.