## American Tobacco Company v. Commonwealth.

(Decided February 11, 1915.)

### Appeal from Franklin Circuit Court.

1. **Corporations—Report to Auditor—Taxation.**—Where a corporation furnished all the information required, upon blanks supplied by the auditor, in its annual report of property owned and business transacted in Kentucky, for the purpose of license taxation, the fact that it also showed the amount of its issued capital stock does not signify a fraudulent intent to evade or mislead, as the law takes no consideration of its issued capital stock in arriving at the tax.

2. **Corporations—Assessment of—Board of Valuation and Assessment.**—The judgment and action of the Board of Assessment and Valuation as to values based upon the legal evidence then obtainable, and at hand, and as fixed by statute, when recorded in the proper tax list, is conclusive upon the State as well as against the tax payer.

3. **Taxation—What Not Omitted Property.**—Property that has been undervalued by the owner is not property omitted from taxation within the meaning of the statute.

4. **Corporations—Mistake in Determining License Tax.**—Where the Board of Assessment and Valuation in determining the amount of license tax due by a corporation, by mistake took for its basis of calculation the capital stock issued by the company instead of that which the law authorized it to show, the Commonwealth is entitled to recover the amount which, by reason of this mistake, it has been deprived of, although settlement has been made and receipt in full given.

5. **Corporations—Assessment of.**—Where a corporation reported all of its authorized capital stock, as required by law, and by mistake the Board of Valuation and Assessment failed to assess a portion of the same, the corporation can not be said to be delinquent and subject to the 20 per cent statutory penalty, but comes within the exception of Section 4260 of one who has duly listed his property.

GIBSON & CRAWFORD for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming in part and reversing in part.

In October, 1910, a revenue agent, in behalf of the Commonwealth, and under direction of the Auditor, brought this suit to recover the following items of taxes alleged to be due the Commonwealth, viz:

$1,648.85 with interest from February 1, 1907;
$1,282,43 with interest from February 1, 1908:
$1,337.40 with interest from February 1, 1909;
$1,337.40, with interest from February 1, 1910.

The petition also sought to recover 20% penalty. The amounts claimed are alleged balances due on license tax. The petition shows that they are unpaid as to each year because "the Board of Valuation and Assessment in assessing the annual license tax of defendant for said year, by mistake and oversight, ascertained and fixed said tax, calculating said annual license tax upon the *issued* capital stock of said company, instead of calculating it upon the *authorized* capital stock of said company, thereby proceeding upon an erroneous principle and adopting an improper mode and manner of estimating said annual license tax due by the defendant for said year, the result of which mistake and oversight upon the part of the Board of Valuation and Assessment, and fraud of the defendant—the American Tobacco Company—defendant escaped for said year the payment of an annual license tax upon the percentage of that part of its *authorized* capital stock omitted by the Board of Valuation and Assessment." It will be observed that this claim is for a license tax—not one for franchise nor for undervalued or omitted property—and it is conceded the error was made by the State Board. The Commonwealth recovered judgment in the court below for the amount sued for, including penalty.

The appellant, as a foreign corporation, doing business in this and other states, was subject to a license tax, under the provisions of Article 11, Kentucky Statutes, Section 4189. It promptly paid such sums as were fixed by the board and demanded by the Auditor. It is the difference between the amounts so paid and what it is claimed should have been paid under a proper calculation that the Commonwealth is seeking to recover in this action.

Section 4189c, Kentucky Statutes, provides that:

"Domestic and foreign corporations shall pay an annual license tax of thirty cents on each one thousand dollars of that part of their *authorized* capital stock represented by property owned and business transacted in this State, which shall be ascertained by finding the proportion that the property owned and business transacted in this State bears to the aggregate amount of property owned and business transacted in and out of this State."

Section 4189d provides:

"In order to ascertain the amount of taxes due and payable under the next preceding section, by such corporations now owning property or transacting business in this State, it shall be the duty of every such corporation to file with the Auditor of Public Accounts, on or before the 1st day of February, 1907, and on or before the same day annually thereafter, a written report, verified by the affidavit of the president or secretary of such corporation, showing:

"1. The name of such corporation, the name of the State or government under the laws of which it is incorporated, the date of incorporation, the place of its principal office in and out of this Commonwealth, the name and postoffice address of its president and secretary, the name and postoffice address of its authorized agent or attorney upon whom process may be executed, as provided by law, and the name and address of its officer or agent in charge of its business in this State.

"2. The total amount of its *authorized capital stock.*

"3. The value of the property owned and used by the company in Kentucky, where situated, and the value of the property owned and used by the company outside of Kentucky, the aggregate amount of business transacted by said company during the preceding year ending the 31st day of December, and the proportion of such business transacted in this State, and such other facts bearing on this matter as the Board of Valuation and Assessment may require.

"It shall be the duty of the Board of Valuation and Assessment, from such report and from such additional information it may require, to ascertain and fix that part of the *authorized capital* stock of such corporation upon which the license tax shall be based, as herein provided, and to fix the license tax of such corporation at the rate hereinbefore prescribed. The board may, in any case,

require such additional information as it may deem necessary to enable it to perform its duties herein; and it shall be the duty of the Auditor of Public Accounts to notify every such corporation of the amount so assessed by the board. The notice may be given as provided in Section 5 (4189c) hereof, and it shall be the duty of the corporation to pay the amount of such tax to the Auditor of Public Accounts not later than thirty days thereafter, or not later than thirty days after final action by the board, should it grant a rehearing, which the board may grant upon application therefor, filed within thirty days after the date of such notice. Upon final action by the board it shall certify to the Auditor of Public Accounts the amount of such tax due from each and every such corporation.''

The appellant made annual reports of everything required under this law, and the originals are a part of the record in this case. They show that the *authorized* capital stock was $180,000,000. They show also the annual gross income for its whole business as well as for its business in Kentucky, together with the proportion its Kentucky income bears to its entire income. Also the total value of all of its tangible property, as well as the value of its tangible property in Kentucky, with the points in Kentucky where the property is located, and the proportion which the value of its Kentucky property bears to its entire property. The reports were made on printed forms supplied by the Auditor. In addition to showing all the facts called for and required by law, the appellant, with pen and ink, interlined a statement showing that its *issued* capital stock amounted to $118,-931,500. As to the *authorized* and *issued* capital stock, the same figures appear in each of the four reports in question. It is not contended that the appellant made a single false statement either as to amount of stock or business or value of its property.

Under the statutes referred to, it is the duty of the corporation to pay 30 cents on each $1,000 of the proportionate part of its *authorized* capital stock which is represented by property owned and business transacted in Kentucky. That part of its authorized capital stock to be taxed is ascertained by finding the proportion which its property owned and business transacted in Kentucky bears to its aggregate property and business both in and out of the state. It was made the duty of the

Board of Valuation and Assessment to ascertain by the simple calculation prescribed in the statute, for each of the years named, what percentage its Kentucky business and property bore to the aggregate. But, instead of determining what per cent. of its *authorized* capital stock was taxable, as directed by law, it took the *issued* capital stock as a basis. In this way the mistake occurred. It stands as virtually admitted that the appellant only paid the amounts fixed by the State Board, and that it did not pay the amount intended by statute. The question presented now is, whether appellant should be compelled to pay the difference between what it did pay and what it should have paid.

While the petition claims that this was omitted property, and that the interlineation of the amount of *issued* capital stock was written by the appellant for the fraudulent purpose of deceiving the Board of Valuation and Assessment, we lay no store by either of these allegations. It cannot be maintained that the appellant omitted any property from assessment. It reported the amount of its *authorized* capital stock, and every other fact required by law. The Board of Valuation and Assessment accepted as true the facts reported; no further information was called for, and even now the Commonwealth offers no criticism as to value or amounts of anything set forth in the reports. The fact that appellant also showed the amount of its *issued* capital stock does not signify a fraudulent intent, and evidences no purpose to evade or mislead. It merely gave more information than was needed or required. In fixing a license tax the law takes no consideration of its *issued* capital stock, and the appellant was not called upon to state it. But if it did show its *issued* stock, as well as its *authorized,* there was still but one thing for the board to do, and that was to make the calculation upon its *authorized* capitalization.

This court has frequently held that when the proper assessing boards or officers, within the time and substantially in the manner prescribed by the statute, have acted in considering and fixing the valuation upon property liable to assessment for taxation, and the party to be taxed has asked no relief within the time allowed by statute for correcting their action, then, even if erroneous, that action is final. The judgment of the assessing board as to value, based upon the legal evidence then

obtainable, and at hand, and as fixed by statute, when recorded in the proper tax list, in the very nature of things, should be conclusive upon the State as well as against the taxpayer. Coulter, Auditor, v. Louisville Bridge Co., 114 Ky., 42; First National Bank v. Hopkinsville, 128 Ky., 383; Chicago, St. Louis & New Orleans Ry. Co. v. Commonwealth, 115 Ky., 278; Commonwealth v. C. & O. Ry. Co., 28 Ky. L. R., 1110; Citizens National Bank v. Commonwealth, 118 Ky., 51.

But the difficulty in applying franchise and property tax rules to this case is this, that in fixing a license tax the board has simply to ascertain the amount—not the value—of the *authorized* capital stock. The amount of such stock is not a matter of opinion. In laying the license tax, the value of the stock is of no consequence, and does not enter into their consideration. The board has no discretion and passes no opinion upon its value. All the cases cited by appellee have reference to franchise taxes. In such cases the board is required, from the facts reported by the corporation, to *fix the value of the capital stock of the corporation* and deduct the value of all tangible property assessed in this State. The remainder thus found is the value of the corporate franchise subject to taxation. It thus appears in taxing franchise that the board sits in judgment and makes an estimate of the value of its capital stock—not the amount of it—and the deductions from that value are the values assessed on tangible property.

Under these circumstances, it has been frequently held that the judgment and action of such boards and assessors is conclusive upon both the State and the tax payer, unless relief is sought from an erroneous assessment within the time allowed by statute for correction. Likewise, it has been held that property that has been listed but undervalued by the owner is not property omitted from taxation within the meaning of the statute. Commonwealth v. J. M. Robinson-Norton Company, 146 Ky., 224.

In the case of Commonwealth v. C. & O. R. Co., 28 Ky. L. R., 1110, it was held that the courts cannot enter into an inquiry as to what items the Board of Valuation and Assessment considered in fixing the total value of defendant's capitalization. But this has reference to cases involving the value of corporate franchise, when the board erroneously omitted, or considered of no value,   .

certain items contained in the corporate report. The court would not upon appeal attempt to correct the judgment of officers whose duty it is, under the law, to estimate or fix taxable values. Where the property was actually reported or listed or assessed for taxation, it cannot be said that it has been omitted merely because undervalued. For that reason, in an attempt to recover license tax, or tax on omitted property, it is incompetent to show that the board undervalued or considered as of no value certain reported items.

As is said in the case of Citizens National Bank of Lebanon v. Commonwealth, 118 Ky., 51, with reference to a franchise tax:

"It was the duty of the Board of Equalization to assess the property for the years involved at its fair cash value, but the fact that they assessed it too low may not be remedied in a judicial procedure. Both the State and county, in this regard, are bound by the action of their fiscal officers."

None of the cases cited dispose of the question here. In levying a corporate license tax, as in this case, the corporation reports its authorized capital stock, not the value of it. Of the amount authorized the board, in a ministerial capacity, and by simple mathematical processes outlined and directed by statute, ascertain what proportion of the authorized capital should pay a license tax in Kentucky.

There is no question of omitted property, because none was omitted; that is, all of it was reported or listed so that its proportion could be taxed. There was no undervaluation and the question of value does not enter into this case at all. The board, instead of performing its duty in the way directed by statute, made a mistake and took for its basis of calculation the capital stock *issued* by the company, instead of the stock which the law *authorized* it to issue. So we have a case of an obligation due the State and a receipt given in full satisfaction of it, when the settlement was made, and the amount was paid and accepted under a mistake. Not only a mistake of law, but a mistake in mathematical calculation. In such case, the Commonwealth is entitled to recover the amount which by reason of this mistake it has been deprived of. The payment and acceptance of the amount first assessed against appellant cannot be regarded as an accord and satisfaction. Where a party by

mistake of law or fact, or both, cancels a claim or accepts part payment, or pays over money to another, he may in general recover it. We see no reason why the doctrine should not be applied to this case. Newman on Pleadings and Practice, Sec. 162d; Stengel v. Preston, 89 Ky., 623; 1 Cyc., 339.

Under these circumstances, does the law impose a penalty on the appellant? Section 4260, defining the powers and duties of revenue agents, says that he shall "cause to be listed for taxation all property omitted by the Assessor, Board of Supervisors, Board of Valuation or Assessment, or Railroad Commission, for any year or years, and is authorized to file suit to recover such."

The section further provides:

"All persons owning property which may be assessed as herein provided, shall, in addition to the taxes, pay the costs of the proceeding and penalty of twenty per centum on the amount of the State and county tax due, *except where such property shall have been duly listed by the owner thereof.*"

In providing for the penalty which the property-owner should pay, the statute makes an exception where the property shall have been duly listed by the owner thereof, and we are of the opinion, in fact, the reports so show, that appellant comes within this exception. It listed its property; that is, reported it, and no question is made as to the correctness of the report. On its report certain taxes were demanded, although it is clear that some of the property reported was omitted from taxation by the board, but such tax as was demanded was paid promptly and the appellant cannot be considered in default or as a delinquent.

For authority to collect the penalty appellee relies upon Section 4263 of the Statutes, which says, it shall be the duty of the revenue agent, when directed by the Auditor, as in this case, "to institute suit    *    *    * against any delinquent officer or other person to recover any money which may be due the Commonwealth; and, in all such suits    *    *    * in which judgment is recovered, the party in default shall, in addition to the amount in which he is liable to the State, be adjudged to pay a penalty of twenty per cent. of the amount due." But this section is to be read in connection with Section 4260, just quoted.

A delinquent officer or other person is one who has failed or neglected to perform some duty. We do not believe, under the circumstances of this case, the appellant can be so classed. The law makes it its duty to pay the license tax, that is, to pay after it has reported, and the amount of the license tax has been fixed by the Board of Equalization in the manner provided by law. It paid all that was fixed and demanded.

We are of the opinion that the appellant duly listed its property, and as to penalty comes within the exception.

For the reasons indicated, the judgment is affirmed as to the principal and interest and the cost, but as to the penalty of 20 per cent., it is reversed, with directions for the court below to enter judgment in accordance with this opinion.