### Louisville Gas & Electric Company v. Bosworth, Auditor.

(Decided May 3, 1916.)

### Appeal from Franklin Circuit Court.

1.  Corporations—Consolidation—Organization Tax.—Under sections 555 and 556, Kentucky Statutes, when two or more corporations, having their homes in the State of Kentucky, consolidate and make a new corporation, it is not chargeable with an organization tax, as provided by section 4225, Kentucky Statutes, unless there is an increase of its capital stock over and above the aggregate capital stock of the constituent corporations, when it must pay the organization tax upon the increase. ·

2.  Corporations—Consolidation—Organization Tax.—When a corporation organized under the laws of the State before the adoption of the present Constitution, and therefore has paid no organization tax, and a corporation organized since the adoption of the present Constitution, and which has paid the organization tax, consolidate and create a new corporation, it is not liable for an organization tax upon the amount of the stock of either constituent corporation.

3.  Taxation—Erroneous Assessment—Mandamus Against Auditor.—
    Under section 162, Kentucky Statutes, a mandamus will not lie
    against the Auditor of Public Accounts requiring him to draw
    his warrant upon the treasurer in favor of one who claims that
    he has paid taxes which were not due because of an erroneous
    assessment of his property, as the Auditor is not entrusted with
    the duty of making assessments, and can not be required to cor-
    rect them.

4.  Taxation—Voluntary Payment of Taxes—Recovery.—The general
    rule, which applies to the payment of taxes which are not owing,
    is, that if they are voluntarily paid, they can not be recovered,
    and they are deemed to have been voluntarily paid if the officer
    whose duty it is to collect them can only coerce their collection
    by an action in court.

5.  Taxation—Mandamus Against Auditor.—Under section 162, Ken-
    tucky Statutes, the Auditor can be required by mandamus to draw
    his warrant upon the treasurer in favor of one who has paid money
    directly to the Treasurer in payment of taxes which were not
    due or owing, and where the payment was not made voluntarily.

T. L. EDELEN and MATT O'DOHERTY for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Reversing.

On July 2nd, 1913, the Louisville Gas Company and the Kentucky Heating Company, which were two corporations organized under the laws of Kentucky prior to the adoption of the present constitution, and the Louisville Lighting Company, a corporation organized under the laws of this state since the adoption of the present constitution, merged or consolidated and created the appellant, Louisville Gas & Electric Company, which is a corporation possesing the power to sue and be sued, to contract and be contracted with. On the day of its organization the directors of the three corporations, by whose consolidation it was created, signed, acknowledged and delivered an agreement in writing, wherein the terms and conditions of the consolidation were set out, the mode of carrying it into effect and such other stipulations as were necessary to be contained therein, as provided by law, as well as the manner of converting shares of the old corporations into shares of the appellant. The articles of agreement of consolidation were acknowledged and lodged for record in the office of the clerk of the Jefferson county court, in which county the chief office of appellant was situated, and on July 2nd, 1913, a duly certified copy

of the articles was lodged for record in the office of the Secretary of State. The Louisville Gas Company and the Kentucky Heating Company, being corporations organized and existing prior to the time of the enactment of section 4225, of Kentucky Statutes, which levies an organization tax upon corporations which have been created since its enactment, had never paid an organization tax, but the Louisville Lighting Company, having been created since the enactment of the statute, section 4225, *supra,* had paid the organization tax at the time of its creation. When the three corporations merged and created the appellant corporation, the capital stock of appellant was fixed at $11,000,000.00, being $2,150,000.00 in excess of the aggregate capital stock of the three constituent corporations. The appellant holding that it was not required to pay an organization tax, as provided by Section 4225, *supra,* upon the capital stock of the Louisville Gas Company and the Kentucky Heating Company, nor upon the capital stock of the Louisville Lighting Company, which went to create the appellant corporation, tendered and offered to pay into the treasury of the state the organization tax of one-tenth of one per centum upon the authorized capital stock of appellant, which was in excess of the aggregate capital stock of the three constituent corporations, but the treasurer refused to receive such sum or any sum less than one-tenth of one per centum upon the amount of the capital stock of appellant, which was in excess of the aggregate capital stock of the three constituent corporations, but, also, one-tenth of one per centum upon the amount of the capital stock of the two corporations, above named, which were organized and in existence before the adoption of the present constitution. The appellant was unable to file a statement of the payment of its organization tax with the Secretary of State, who refused to file or record the articles of consolidation until such a statement was filed with him, and was unable to have or exercise any corporate powers or be deemed to be organized until the tax should be paid. Sections 542, 4225, 556, Kentucky Statutes. Thereupon, under protest, the appellant paid the entire amount of the taxes demanded. Within two years thereafter it made a demand upon the Auditor of Public Accounts to draw his warrant upon the Treasurer for the amount of the organization taxes paid by it upon the capital stock of the Louisville Gas Company and the Kentucky Heating Com-

pany, which went into the consolidation and which formed a part of the capital stock of the appellant. This demand being refused, it instituted this action for a writ of mandamus to require the Auditor of Public Accounts to draw his warrant in its favor for the sum demanded. The petition set out in substance the facts above stated, and, also, alleged that the Kentucky Heating Company and the Louisville Gas Company had, since the adoption of the present constitution, each accepted of its provisions by a resolution by its board of directors, and attested copies of the resolution had been filed in the office of the Secretary of State. A general demurrer was sustained to the petition of appellant and it was dismissed. From this judgment the appellant has appealed.

Three questions presented for determination upon this appeal are:

First: Was the money paid by appellant as an organization tax upon that part of the capital stock of the appellant corporation, which was composed of the stock of the Louisville Gas Company and the Kentucky Heating Company, "when no such taxes were in fact due?"

Second: If paid under the circumstances alleged, is appellant entitled to require the Auditor to draw his warrant for it upon the Treasurer?

Third: Is the proceeding a suit against the State, which can not be instituted nor maintained without the consent of the State?

Section 4225, Kentucky Statutes, which imposed the corporation tax, is not retroactive in its operation, and does not impose the organization tax upon any corporation, except such as are organized after that statute went into effect, or such corporations, although organized before the statute went into effect, as so changed their scope, rights and powers in such a substantial way as amounts to a radical or material change from its original plans and purposes, as to in fact create a new corporation. Com. v. Licking Valley Bldg. Association, 118 Ky. 791; Com. v. Southern Pacific Co., 164 Ky. 818; Bruner v. Louisville Packing Co., 144 Ky. 471; Ohio Valley Co. v. Bruner, 148 Ky. 358; Crecelius v. Carrollton S. & L. Association, 167 Ky. 817. An old corporation, by its acceptance of the present constitution, does not thereby render itself liable for the organization tax. Crecelius v. Carrollton S. & L. Association, *supra.* Section 4225, *supra,* provides, that if a corporation created before its enactment,

thereafter increases its capital stock, the organization tax is only collectible upon the stock of which the increase consists. Sections 555 and 556, Kentucky Statutes, regulate the manner in which corporations may consolidate, and the rights and powers of the new corporation. There are no other statutory provisions relating to the subject. Among the provisions of section 556, *supra,* is the following:

"Provided, that no consolidated company formed under this chapter or the laws of this State shall be required to pay any organization tax, except that, if in the consolidation, the capital stock of the consolidated company be increased, or be thereafter increased to an amount exceeding the aggregate capital stock of the constituent companies at the time of the consolidation, then in that event the consolidated company shall not have or exercise any corporate powers until it shall have paid into the state treasury one-tenth of one per centum upon the amount of said increase, and upon payment shall have filed a statement thereof with the Secretary of State. * * *"

The above provision evidently refers to the consolidation of corporations, who have their homes in the state of Kentucky, as the remainder of the section quoted from bears upon the consolidation of a home corporation with one organized under the laws of another state. The Louisville Gas Company and the Kentucky Heating Company, before the consolidation, were not subject to the organization tax, and the statute controlling the consolidation of corporations organized under the laws of the State provides that the corporation created by their consolidation shall not be required to pay an organization tax, except to the extent that the capital of the new corporation shall be in excess of the aggregate of the capital stock of the constituent corporations, and it shall be taxed upon the excess alone. A tax is never collectible except where the legislative authority has imposed it. This court, in the case of Southern Pacific Co. v. Com., 164 Ky. 825, with reference to sections 555 and 556, Kentucky Statutes, used language as follows:

"The absence of a purpose to levy such a tax upon old corporations is evidenced by sections 555 and 556, which permit the consolidation into a single corporation of two or more corporations organized under this chapter, or the laws of this or any other state." Then quoting the

portion of the section above quoted, the court said: "In that event an organization tax must be paid upon the excess or increase. There is nowhere an intimation of an organization tax on the stock of a constituent Kentucky corporation which has not theretofore paid the tax. It is expressly provided, however, that if one of the constituents was organized under the laws of another state where no organization tax was required or paid, or where less tax is exacted than in Kentucky, then the organization tax shall be paid on that part of the stock of the consolidated corporation."

Hence, we conclude that the money paid by appellant as organization taxes upon the amount of capital stock of the constituent corporations, which were organized before the enactment of section 4225, *supra,* was paid when no taxes were really due. The organization tax was not required nor paid upon that part of the capital stock of appellant, which consisted of the stock of the Louisville Lighting Company, as it had once paid the organization tax, and hence the tax upon that portion of the stock is not in issue, in this suit.

Section 162, of Kentucky Statutes, is as follows:

"When it shall appear to the Auditor that money has been paid into the treasury for taxes when no taxes were in fact due, he shall issue his warrant on the treasury for such money so improperly paid, in behalf of the person who paid the same. Nothing herein contained shall authorize the issuing of any such warrant in favor of any person who may have made payment of the revenue tax due on any tract of land, unless it is manifest that the whole of the tax due the Commonwealth on such land has been paid, independent of the mistaken payment, and ought to be reimbursed."

Section 163, of Kentucky Statutes, is as follows:

"He shall not draw his warrant for any money improperly paid for taxes, unless application be made in each case within two years from the time when such payments were made."

These statutes became a part of the law of this State in the year 1854. They evidence a continued legislative policy from that time until now. Construing these statutes, it has been held that the Auditor is not an assessing officer, and one claiming that his property has been erroneously assessed for taxation and valued too high, or some property included in the assessment which was

exempt from taxation, can not require the Auditor to make an inquiry into the assessment of any one's property to determine whether or not an erroneous assessment has been made and thereby money has been collected for taxes which were not due, and to correct such an assessment and to draw his warrant on the treasury for an amount found to have been paid from an erroneous assessment, and a mandamus will not lie to compel him to do so. There is no hesitancy in adhering to this principle, because the Auditor has neither the time, opportunity nor means to revise the assessment list of citizens to determine whether errors have been made to their prejudice, and besides the laws provide other means and other officers to give relief from erroneous assessments. It has, furthermore, been held that the primary purpose of the statute was to empower and authorize the Auditor to correct mistakes made by those whose duties it is to collect the public revenues of the State, when they have paid money, for taxes collected, to the treasurer, when same was not due from them. No doubt, this was one of the purposes of the statute and doubtless the primary one. This would not involve any assessment of property, nor a revision of a transaction, which had been made with a collecting officer, other than the Auditor himself, or a payment to the Treasurer after a settlement with the Auditor. It would, however, make necessary an examination of the records on file upon which the settlement was based. An organization tax is not paid to any collecting officer, but is paid directly into the treasury of the State, and is based upon the articles of incorporation and is paid by the corporation itself. To determine whether money has been paid by a corporation for organization taxes, when same was not due, requires only a calculation to be made from the records on file. The corporation which pays an organization tax pays it into the treasury just as a collecting officer pays the revenue collected by him into the treasury. It is manifest that section 162, *supra,* does not apply alone to payment of taxes made by collecting officers. The general rule which applies to the payment of money for taxes, which are not due, is that, if voluntarily paid, they can not be recovered. They are deemed to be voluntarily paid when they can be recovered only by an action in a court and when the delinquent has an opportunity for his day in court. The rule is, that when the collecting officer may

distrain for the taxes and they are paid, the payment is not deemed to be voluntary. City of Louisville v. Anderson, 79 Ky. 335; L. & N. R. R. Co. v. Hopkins County, 87 Ky. 612; German Security Bank v. Coulter, 112 Ky. 577; Louisville City National Bank v. Coulter, 112 Ky. 584. In the case, however, of Bank of Commerce v. Stone, Auditor, 108 Ky. 435, this court construing section 162, *supra,* said:

"It is a statute conferring special authority upon the Auditor, and it must be strictly followed, and a party claiming the benefit of its provisions is required to make the application in the manner and at the time required by the statute. As we have said, the Auditor should issue the warrant to refund the excessive tax paid for the years 1897 and 1898, as the application was made at the proper time."

That suit was to require the Auditor to draw his warrant in favor of the Bank of Commerce for the difference between a tax rate of seventy-five cents upon the one hundred dollars of taxable property and forty-two and one-half cents. The difference having been paid when it was not due, as under the law then existing, the bank was only required to pay at the rate of forty-two and one-half cents. In the case at bar, the appellant had organized a corporation by consolidation of three existing corporations; its articles had been lodged for record in the office of the county court clerk and, also, in the office of the Secretary of State. Under the law, it could not do any valid act until the organization tax was paid. Under section 556, *supra,* it is specially provided that it could not have nor exercise any corporate power until it had paid into the state treasury one-tenth of one per centum upon the amount of the increase of the authorized capital stock above the aggregate capital stock of the constituent corporations, and have filed a statement of such payment in the office of the Secretary of State. It was denied the power to make such payment or to file such statement unless it should pay, in addition to the tax upon the increase, the tax upon the capital stock of the two constituent corporations, the Louisville Gas Company and Kentucky Heating Company, which was not due or owing. Under protest it did so. This can not, in this case, be deemed a voluntary payment.

The action is not a suit against the State, as was held in German Security Bank v. Coulter, and Louisville

City National Bank v. Coulter, *supra*. It is a proceeding to compel an officer to perform a duty, which is enjoined upon him by statute.

Under the allegations of the petition, the demurrer should not have been sustained, but overruled, and the judgment is reversed for. proceedings consistent with this opinion.