# Kentucky State Park Commission v. Wilder et al.

(Decided Nov. 13, 1934.)

BAILEY P. WOOTTON, Attorney General, and F. M. BURKE, Assistant Attorney General, for appellant.

STEPHENS & STEELY, E. L. STEPHENS, R. L. POPE, J. B. JOHNSON and W. B. EARLY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On January 29, 1931, the Cumberland River Power Company, a corporation, conveyed to the commonwealth of Kentucky, for the use and benefit of the Kentucky State Park Commission, hereinafter called the park commission, a boundary of nearly 600 acres of land in Whitley and McCreary counties made up of five different tracts and known as the Cumberland Falls property. The deed contained a stipulation which, so far as pertinent, reads:

> "Provided that this conveyance is made upon the express condition that Cumberland Falls shall be preserved in its existing state, and that the property herein conveyed shall be used by second party as an exclusively State owned and State controlled park, and for State Park purposes exclusively. * * * *"

Thereafter, Samantha Wilder and other persons instituted this action against the park commission and a number of individuals alleging that they and the individuals named as defendants as heirs of Mary Farris, W. B. White, and Henry D. Harmon were the joint owners of an undivided 49/50 of a 200-acre tract included in the lands described in the above-mentioned conveyance. They further alleged, in substance, that the tract in controversy cannot be partitioned among the several parties in interest without materially impairing the value thereof as a whole as well as the value of the share of each party having an interest therein. The prayer of the petition is for a sale of the lands and for a division of the proceeds among the parties as their several interests may appear.

The Attorney General in behalf of the park commission and the commonwealth filed a special demurrer on the ground (1) that the court had no jurisdiction of the defendant, the park commission, or of the subject-matter of the action and (2) that there is a defect of parties defendant. The case is here on appeal from a judgment and order overruling the special demurrer.

It is the theory of the Attorney General that, while the park commission is named defendant, the action, to all intents and purposes, is a suit against the state and that such an action is not authorized in the absence of

express authority conferred by the General Assembly

Section 3, chapter 144, Acts of 1930 (Kentucky Statutes, sec. 2337a-2, 1933 Supplement), provides:

"The Commonwealth of Kentucky shall hereafter be named as the grantee of any and all land or any interest in land conveyed to it or for its use or for the use of any of its departments, boards, agencies, commissions or any of its officers, or to any and all land which is wholly or in part paid for out of State funds, or which it acquires by gift or devise."

The Act of 1926 (Ky. Stats. sec. 3766d-1 et seq.), creating the park commission and defining its powers and duties, provides in effect that it should take and hold property for the purposes of the state and not otherwise and that such property should be held in trust for the use and benefit of the commonwealth for public park purposes.

The Act of the General Assembly of 1930 (Ky. Stats. sec. 3766e-23 et seq., 1933 Supplement), authorizing the acquisition of the site of Cumberland Falls and lands adjacent thereto for the purpose of preserving Cumberland Falls in its existing state as an essential part of a state park, provides that the title should be acquired for the state, and, when so acquired, the property should be placed under the jurisdiction of the commission for administration by it as an exclusively state owned and state controlled park. It will therefore be seen that not only was the conveyance made directly to the commonwealth, but that under the statutes hereinbefore quoted and referred to, the title to the land in controversy vested in the commonwealth to be held and used for public purposes. It is also equally apparent that the commonwealth is the real party in interest and that a decree granting the relief sought by the petition will affect the interests and property rights of the commonwealth and not those of the park commission. Although the park commission is nominally designated as a party defendant and the state is not made a party to the action, it is in fact the real party in interest and against which relief is sought. This is, therefore, to all intents, purposes, and effect a suit against the commonwealth, and this being true, it only remains to be determined whether an action of this character may be maintained against the commonwealth.

Under the common law, a state, by reason of its prerogatives as a sovereign and on the ground of public policy, cannot be sued without its consent, and this immunity from the processes of the courts is absolute and unqualified. Under our Constitution the commonwealth's immunity from being impleaded can only be surrendered by the General Assembly by law directing in what manner and in what courts suit may be brought against it. Const. sec. 231; and Taylor v. Westerfield, 233 Ky. 619, 26 S. W. (2d) 557, 69 A. L. R. 482; Board of Councilmen of City of Frankfort v. State Highway Commission, 236 Ky. 253, 32 S. W. (2d) 1008; Pennington's Adm'r v. Commonwealth, 242 Ky. 527, 46 S. W. (2d) 1079; Ketterer's Adm'r v. State Board of Control, 131 Ky. 287, 115 S. W. 200, 20 L. R. A. (N. S.) 274; Zoeller v. State Board of Agriculture, 163 Ky. 446, 173 S. W. 1143.

This fixed policy of the law is inflexible, notwithstanding there are some cases that on first impression seemingly make exception to the general rule. However, more mature and careful analysis will reveal that they are not exceptions, but are either actions which have been authorized by our Constitution or statutes, or are not in fact actions directly against the commonwealth. Prominent among such cases are Hauns v. Central Kentucky Lunatic Asylum, 103 Ky. 562, 45 S. W. 890, 20 Ky. Law Rep. 246; Board of Councilmen of City of Frankfort v. State Highway Commission, supra; Louisville Gas & Electric Company v. Bosworth, 169 Ky. 824, 185 S. W. 125; Reliance Mfg. Co. v. Board of Prison Commissioners, 161 Ky. 135, 170 S. W. 941.

An examination of these cases will reveal that they are either (1) actions involving the taking of private property for public use or for trespass upon private property that amounts to such taking or (2) are actions to compel officers to discharge a duty imposed upon them by law or to compel officers, boards, or agencies of the government to perform a contract legally entered into.

As to the former class, the state has by express constitutional and statutory provisions surrendered its immunity from suits; and the latter class have never been regarded as actions against the state. We find no law and none has been pointed out that would authorize an action against the state by one claiming a joint interest with it in property for a sale of such property

because of indivisibility and for distribution of the proceeds. Hence we are constrained to hold that this action cannot be maintained.

This, however, does not mean that if appellees, in fact, have an interest in the property in controversy, they are wholly without remedy. It would be an anomalous situation indeed if the commonwealth, by acquiring a small interest in real estate, could deprive other owners of their right of property therein. This would be an absolute power over the property of the individual, a power which our Bill of Rights declares does not and cannot exist under a republican form of government. As appears from the record, the state has taken private property for public use without compensating some of the joint owners therefor. Section 13 of our Constitution, which is included in the Bill of Rights, forbids such a taking and section 242 of the Constitution likewise provides that just compensation shall be made for private property taken, injured, or destroyed for public use. Under these express provisions, an appropriate action will lie against the commonwealth as well as against corporations or individuals for damages growing out of the taking, injuring, or destroying of private property for public purposes.

Judgment reversed with directions to sustain the special demurrer to the petition.

Whole court sitting.