## City of Louisville et al. v. Martin, Com'r of Revenue, et al.

June 18, 1940.

W. B. Ardery, Judge.

Hal O. Williams, Lawrence Grauman, Lawrence S. Poston and Robert L. Sloss for appellants.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Section 4105, Kentucky Statutes, relating to reports of distilled spirits stored in distillery bonded

warehouses for the purpose of assessment for taxation provides among other things that every owner or proprietor of such warehouse shall between the first day of September and the first day of October of each year, make sworn reports in writing showing the kind and quantity of distilled spirits in such warehouse on the first day of September of the year the statement is required to be made, the date when the spirits were made, the county, city, town, or taxing district in which the warehouse is situated, the fair cash value of the spirits estimated at the price it would bring at a fair, voluntary sale and such other facts as may be required.

Under Section 4114i-11 of the Statutes the duty devolves upon the State Tax Commission to assess for taxation spirits so reported at the fair cash value thereof estimated at the price it would bring at a fair voluntary sale as provided in Section 4107.

In October 1938, the State Tax Commission on reports made pursuant to Section 4105 assessed distilled spirits in bonded warehouses at a flat or blanket rate of $18 per barrel for the purpose of state, county, municipal and district taxation.

This action was instituted by the city of Louisville, the county of Jefferson and the board of education of Jefferson county against the State Tax Commission. In the petition it is alleged in substance that the assessment was made arbitrarily, in total disregard of the age of the liquor reported and at less than its fair cash value estimated at the price it would bring at a fair voluntary sale and contrary to Section 172 of the Constitution and Section 4107 of the Statutes; that if the assessment is permitted to stand it will result in large losses of revenue to each of plaintiffs. They prayed that the purported assessment be declared void and that the State Tax Commission be mandatorily enjoined to reassemble, set aside same and to make reassessment of distilled spirits in conformity with requirements of the Constitution and Statutes.

The lower court sustained both a special and general demurrer to the petition and plaintiffs declining to further plead the petition was dismissed and they have appealed.

There is stubborn controversy concerning the right of appellants to maintain this character of action. On

behalf of appellees it is argued in effect that the commonwealth is immune from suits unless the right of action has been conferred by the Constitution or by legislative act pursuant thereto (Constitution, Section 231); that appellants are mere agencies of the state with only such authority as has been granted by statute; that while this action is brought against appellees, it in fact and to all intents and purposes is an action against the state; that under the Statutes the assessment is final with no right of appeal granted; that authority for such action is not conferred by either the Constitution or Statutes. Appellants, of course, are out of agreement with appellees and make issue on every question argued; and assert in substance that this is not an action against the state nor an attempt by one of its subdivisions or agencies to control its functions, but an action to compel an official board of the state to perform a duty imposed upon it by law on behalf of the state as well as of appellants and which it has failed and refused to perform.

We think it unnecessary to enter into an extended discussion of the effect of provisions of Section 4107, supra, that after notice and hearing, the action of the tax commission shall be final, since this is not an appeal from the action of the commission nor an attempt to have the assessment made, corrected or modified, however, it is not inappropriate to add in passing that this court has held that an aggrieved party is not in all circumstances foreclosed by such a provision in assessment statutes from resorting to courts. See Hager et al. v. American Surety Company, 121 Ky. 791, 90 S. W. 550, 28 Ky. Law Rep. 782. The petition charges in effect that the assessment attempted to be made was void and therefore amounted to no assessment and asked that the commission be mandatorily enjoined to reassemble and make a valid assessment. The correctness of the doctrine contended for by appellees, that actions directly against the state or against an officer or agency who are but nominal parties and the state the real party in interest may not be maintained, unless such action has been authorized by law, is not to be doubted, but it is not a question of the doctrine but of its application that confronts us. This court has consistently held that actions may be maintained to compel state officers or agencies to perform a duty imposed upon them by law or to refrain from doing something that the law directs them

not to do and that such actions are not regarded as actions against the state. See Gordon Huffaker & Garnett v. Morrow, 186 Ky. 713, 218 S. W. 258; Board of Councilmen v. State Highway Commission, 236 Ky. 253, 32 S. W. (2d) 1008; Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S. W. (2d) 4, and authorities cited in those opinions. It is therefore our conclusion that the special demurrer to the petition should have been overruled.

Turning to the other phase of the case, that is whether the petition states a cause of action, we find that the allegations of the petition consist largely of generalities and conclusions. It is alleged that it was known to the tax commission through common knowledge and positive evidence before it that on September 1, 1938, there was a great difference between the value of one year old whisky and of older whisky, the value increasing with age, and that the fair cash value of whisky estimated at the price it would bring at a voluntary sale was far in excess of $18 per barrel even after equalization with other personal property. It is further alleged that the commission had before it uncontroverted evidence showing that the fair cash value of the whisky covered by reports for the year 1938 at the price it would bring at a fair voluntary sale was, for the years 1934, 1935, 1936, 1937, and 1938, respectively, sums set out in the petition in excess of $18 per barrel and ranging from $23.05 to $115.32. But the evidence before the commission is not set out in or filed with the petition and the allegations of the petition in this particular amount to little more than a conclusion of appellants as to the nature and purport of the evidence.

To start with, we have the presumption of a proper discharge of duty upon the part of appellees as state officials. The commission had before it sworn reports required by law which among other things reported the fair cash value of the spirits estimated as provided by law. Under the Statutes the commission might accept the valuation so fixed and base its assessment thereon or might consider other evidence and fix a different value. We would infer from the petition that other evidence was before the commission but we have not been given the benefit of reports made by warehousemen or any other evidence heard by the commission and on which the assessment was based. In the absence of evi-

dence it would be presumed that all the facts before the commission justified its action. The tax commission in making such assessment is invested with a broad discretion and a mere error in judgment as to the fair cash value of the spirits would not authorize the court to interfere and substitute its judgment for the judgment of the commission. While the Constitution, Section 172, and various statutes, like the section referred to, require that all property subject to taxation shall be assessed at its fair cash value estimated at the price it would bring at a fair voluntary sale, assessing authorities have, since the adoption of the Constitution and enactment of such statutes, consistently disregarded their strict letter, and treated them as only requiring uniformity; and have attempted to adopt a general level of proportionate values in assessing various classes of property. This court has held in such circumstances that all taxpayers should be treated alike and that there should be no discrimination between different classes of property. McCracken Fiscal Court v. McFadden, 275 Ky. 819, 122 S. W. (2d) 761; Eminence Distillery Co. v. Henry County Board of Supervisors, 178 Ky. 811, 200 S. W. 347; Prestonsburg Water Company v. Board of Supervisors, 279 Ky. 551, 131 S. W. (2d) 451.

The most vigorous attack is upon the action of the commission in valuing all whisky at a flat or blanket rate regardless of age. It is true that this method of assessment might result in inequalities if one warehouse had in storage only new whisky while another had in storage only older whisky of a much greater value than the new but the commission had before it reports showing facts in this particular and furthermore it is a matter of common knowledge that such warehouses usually have whiskies of various ages. All courts have recognized that exact equality in taxation is not possible or required. Apparently the fixing of an average value of spirits of different ages is the most feasible and practical method to be followed in making assessments. While it is a matter of common knowledge that the quality of whisky improves with age and there is a proportionate increase in value, it is equally well known that some brands of liquor are superior in quality to others and are of greater value and it would therefore be equally consistent to urge that whisky be separated into classes according to brand and valued accordingly as that it

should be divided into classes by age and so valued. To hold that such course should be followed would impose upon the assessing authorities an almost impossible task. Errors in judgment would likewise occur and necessarily there would still be some inequalities. It has never been regarded as impractical or illegal for assessing authorities to fix a value upon one class of property as a whole. As for example in assessing a large herd of cattle, some worth much more than others, it would be unnecessary and impractical to attempt to assess each head separately but the requirements of the law would be met by striking an average or fixing the value of the herd as a whole.

The general rule is stated thus in 18 R. C. L. 287: "It is a general principle that while a writ of mandamus may be granted for the purpose of compelling action by public officials, it cannot be employed for the purpose of controlling their judgment, or discretion. Therefore, if a tax official or board has any discretion in the matter of assessing property for the purpose of taxation, and has acted in good faith, mandamus will not lie to review its decision or to compel it to make a new assessment."

See also Chesapeake & O. Ry. Co. v. Commonwealth, 190 Ky. 552, 228 S. W. 15; First National Bank v. Hopkinsville, 128 Ky. 383, 108 S. W. 311, 32 Ky. Law Rep. 1283, 16 L. R. A., N. S., 685, and cases cited in those opinions.

It is our conclusion that the petition does not state facts to show that appellees acted arbitrarily or abused their discretion in making the assessment complained of or that would entitle appellants to the relief sought.

It follows therefore that the court did not err in sustaining the general demurrer to the petition.

Judgment affirmed.

Whole Court sitting.

Judges Thomas, Perry and Rees dissenting.