# Department of Revenue et al. v. Miller et al.

February 4, 1947.

Roy W. House, Assistant Attorney General, for appellants.

Eldon S. Dummit, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The Department of Revenue, O. M. Howard, Commissioner of Revenue, and Norman Davis, Tax Commissioner of Graves County and President of the Kentucky Tax Commissioners Association, representing all county tax commissioners, instituted this action against Clarence Miller, Commissioner of Finance, and T. W. Vinson, Treasurer of the Commonwealth of Kentucky, under section 639a—1 et seq. of the Civil Code of Practice, seeking a construction of section 132.590 of the Kentucky Revised Statutes and a declaration of the rights of the parties thereunder. The chief bone of contention is subsection (5) of section 132.590, the pertinent part of which reads: "(5) In counties in which the assessed value of property exceeds fifteen million dollars, the county tax commissioner shall be allowed by the state as compensation to his deputies the sum of one thousand five hundred dollars for each seven and one-half million dollars of the property assessed in excess of fifteen million dollars, but the total sum allowed to any county tax commissioner as deputy hire shall not exceed seven thousand five hundred dollars in any county except in a county having a city of the first class, which shall be governed by KRS 132.630."

The plaintiffs alleged in their petition that the defendants contended a county tax commissioner is not entitled to compensation for a deputy until the assessed valuation of property in the county amounts to seven and one-half million dollars in excess of fifteen million dollars, when he becomes entitled to $1,500, whereas a proper construction of the statute entitles a county tax commissioner to a proportionate part of the $1,500, or at the rate of 2 cents on each $100 of the excess over $15,000,000. A demurrer to the plaintiffs' petition was sustained, and the plaintiffs having declined to plead further, a judgment was entered dismissing their petition. No actual declaration of rights was made, but all parties to this appeal have treated the judgment as a declaration in accordance with the contention of the defendants, who are the appellees here. We shall so treat it.

Subsection (1) of section 132.590 provides the method whereby the county tax commissioner's account is presented and the amount due him for his services is approved and allowed. Subsection (2) provides that his compensation shall be computed on the basis of 10 cents on the $100 of the first million dollars and 2 cents on each $100 of the excess over one million dollars. Subsection (4) limits his compensation for his personal services during any one year to $5,000. Subsection (5) deals with compensation of deputies, and subsection (6) reads: "The county tax commissioner shall not retain any part of the compensation allowed his deputies for more than thirty days."

In subsections (1) and (2) the Legislature dealt with the compensation of the county tax commissioner for his personal services and fixed his compensation at a percentage of the total assessed valuation of the property listed by him, 10 cents on the $100 of the first million dollars and 2 cents on each $100 of the excess over one million dollars. Compensation calculated at this rate is allowed and paid until it amounts during any year to $5,000, which occurs when the assessed valuation of the property of the county amounts to $21,000,000, unless an allowance for necessary office expenses is made. When the Legislature undertook in subsection (5) to provide for deputies and to fix their compensation, it provided that "the county tax commissioner shall be allowed by

the state as compensation to his deputies the sum of one thousand five hundred dollars for each seven and one-half million dollars of the property assessed in excess of fifteen million dollars.'' This language is clear and unambiguous. Obviously, it was the intention of the Legislature to allow compensation for deputy hire only when the assessed valuation of property exceeded $15,000,000 by $7,500,000, or amounted to at least $22,-500,000. Then the sum of $1,500 must be allowed to the tax commissioner by the state as compensation to his deputies. It is significant that the Legislature, in subsection (2), adopted the percentage basis for determining the compensation of the tax commissioner, but adopted a different basis when it provided for compensation of deputies in subsection (5). If it had intended that a proportionate part of the $1,500 should be allowed to the tax commissioner as compensation to his deputies, it undoubtedly would have provided for payment on the same basis as set forth in subsection (2) for the payment of the tax commissioner's compensation. There is no provision in subsection (5) for any fractional allowance for an additional assessed valuation that is less than $7,500,000. On the contrary, this subsection on its face contemplates an additional assessment of $7,500,000 before any part of the $1,500 compensation for deputy hire is due. The respective sums are treated as units. This is evident from the provisions that the sum of $1,500 for deputy hire shall be allowed ''for *each* seven and one-half million dollars of the property assessed in excess of fifteen million dollars.''

Appellants cite Oates, Commissioner, v. Simpson, Tax Commissioner, 295 Ky. 433, 174 S. W. 2d 505, in support of their contention that literal language contained in some parts of a statute in apparent conflict with the general scheme should surrender to the general purpose and intent of the Legislature as gathered from all parts of the statute. We recognize and approve this rule of statutory construction, but it has no application here where there is no conflict, real or apparent, between the provisions of subsection (5) and the general scheme of the statute. In subsections (2) and (4) of section 132.-590, the Legislature dealt with the compensation of county tax commissioners, the limitation thereon, and the manner of calculating and allowing it, while in subsec-

tions (5) and (6) it dealt with compensation for deputies and allowed to the tax commissioner $1,500 as compensation to his deputies contingent upon the assessed valuation of property in the county exceeding $15,000,000 by $7,500,000. We find no conflict between any of the provisions of the statute.

The judgment is affirmed.