J. S. WATKINS and G. R. Watkins, Partners, d/b/a J. Stephen Watkins, Consulting Engineers, Appellants,

v.

## DEPARTMENT OF HIGHWAYS OF THE COMMONWEALTH OF KENTUCKY et al., Appellees.

Court of Appeals of Kentucky.

May 4, 1956.

William A. Young, Frankfort, for appellants.

Jo M. Ferguson, Atty. Gen., Wm. M. Deep, Asst. Atty. Gen., for appellees.

CLAY, Commissioner.

The question presented is whether or not the Franklin Circuit Court has jurisdiction to make effective an arbitration agreement between appellants Watkins and appellee, Department of Highways, under the provisions of KRS 417.011. The underlying issue is whether or not the Department of Highways would be subject to suit with respect to the controversy between the parties.

In February, 1954, appellants entered into a contract with the Department to perform engineering services in the construction of the Elizabethtown-Louisville Toll Road. Subsequently a controversy arose with respect to additional compensation claimed by appellants under the contract. In October, 1955, appellants and the Department entered into a written agreement submitting to arbitration under KRS 417.-011 all of the matters at issue. This agree-

ment was filed in the Franklin Circuit Court, arbitrators were appointed, and the Franklin Circuit Court submitted the controversy to the arbitrators as provided by the statute.

After hearings had been held by the arbitrators, the Commissioner of Highways cancelled the arbitration agreement. Upon motion filed in the Franklin Circuit Court an order was entered setting aside the previous order submitting to arbitration on the ground that the court was without jurisdiction.

KRS 417.011 provides in part as follows:

"*Any controversy which is or might be the subject of an action* may, at the request of those interested therein, be submitted to the decision of one or more arbitrators, or to two and their umpire, by the order of any court having jurisdiction of the subject." (Our emphasis.)

It is thus evident that if appellants could have brought suit against the Department to enforce these claims (the nature of the suit being immaterial), the Franklin Circuit Court would have jurisdiction to carry out the arbitration agreement. It is the contention of the Department that since the legislature has not authorized a suit against the Department and since it is an arm of the Commonwealth, the state's constitutional immunity from suit may be invoked. Kentucky Constitution, Section 231.

It is generally recognized that immunity from suit is a high attribute and prerogative of the sovereign. 81 C.J.S., States, § 214; Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S.W.2d 4. The Commonwealth cannot be made a party defendant and is not suable in her own courts without legislative authorization. Divine v. Harvie, 7 T.B.Mon. 439; Board of Councilmen of City of Frankfort v. State Highway Commission, 236 Ky. 253, 32 S.W.2d 1008.

At the outset, it should be noted that the Commonwealth, as such, is not a party to this proceeding. It is contended that since the Department of Highways is simply an arm or agency of the Commonwealth the principle of immunity still applies. While this may generally be true, it has been recognized that a certain class of action may be brought against an agency of the state government even though not expressly authorized by the legislature. If the suit is to compel the performance of a ministerial duty by a state agency, it is not a suit against the state within the scope of sovereign immunity. 81 C.J.S., States, § 216(3). In this latter category is an action to compel a state agency to perform a contract legally entered into. Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S.W.2d 4.

We are of the opinion that the cases of Reliance Mfg. Co. v. Board of Prison Com'rs, 161 Ky. 135, 170 S.W. 941, and Board of Councilmen of City of Frankfort v. State Highway Commission, 236 Ky. 253, 32 S.W.2d 1008, are controlling on the question presented. The first case cited was a suit to compel the Board of Prison Commissioners to renew a contract in accordance with the terms of an original agreement between the parties. The claim of immunity from suit was rejected on the ground that the plaintiff had the right to compel a state agency to do what the legislature had authorized and the agency had agreed to do. It was suggested in the opinion, though not specifically decided, that to deny the plaintiff the right to compel performance of a valid contract by the state agency would deprive the plaintiff of its rights without due process of law, similar to the taking of property without due process.

In the second case above cited, suit was brought against the State Highway Commission to compel it to pay one-half of the construction costs of certain streets in the City of Frankfort, which the Highway Commission had agreed to do by contract with the Board of Councilmen of the City. In the opinion we recognized the immunity of the Commonwealth from suit and we further recognized that without specific legislative authorization an action will not lie to create or increase the liability of the

state. It was decided that to compel the performance of a contract by an officer or agent was not within either of these inhibitions. The opinion states as follows, page 1010 of 32 S.W.2d:

"It is a suit to compel the officers of the state to perform their undertaking made in behalf of the state under its direct authority. The rule that suits may not be maintained against officers or agencies who are but nominal parties where the state is the real party in interest does not apply where the suit is instituted against the agency or officer to compel performance of a duty required by statute. 25 R.C.L. 414. An action against state officers to compel them by mandamus or other similar process to perform official duties of a purely ministerial nature, involving no discretion as to the use of political or governmental power, is not a suit against the state and may be maintained without its consent."

█ It seems to us the above two decisions are sound, and may even be justified on a broader ground than those discussed in the opinions. In those cases, and in the present one, the state agency was expressly authorized to enter into the contract involved. A contract is a promise or a set of promises, for breach of which the law gives a legal remedy. Williston on Contracts, Revised Ed., Vol. 1, Section 1. As stated in Clark v. Grand Lodge of Brotherhood of Railroad Trainmen, 328 Mo. 1084, 43 S.W.2d 404, 409, 88 A.L.R. 150:

"Contracts are not contracts unless they are enforceable. To say that an association like defendant can make contracts necessarily means valid contracts—contracts that are binding on the parties and enforceable against them. It is an absurdity to say that defendant can make contracts of insurance but cannot be sued thereon."

█ Surely when the Department of Highways was authorized to enter into this contract, the legislature contemplated a binding agreement legally enforceable by both parties. A mutuality of obligation was created. To deny appellants a right of action would be to destroy the sanctity of all contracts made by state agencies and would seriously impair the operation of our government. It may be said that the legislature, in authorizing the Department to enter into a contract, by necessary implication authorized it to sue or be sued thereon.

What we have said above sufficiently answers the Department's principal argument that to permit suit against it on this contract would create or increase a liability of the Commonwealth, which admittedly cannot be done without specific statutory authorization. The contract created the liability, whatever it is, and the legislature expressly consented to the creation of such liability. During the oral argument an attempt was made to distinguish the cases relied upon by appellants on the ground that in them the liability was liquidated; whereas, in the present case it must be determined. This is a distinction without a difference. The liability to perform the contract has been created, and the determination of its extent is an ancillary matter of construction and accounting. The amount for which the Department has legally obligated itself has nothing whatever to do with the fundamental right to enforce the obligation, which is the question before us.

We think this is clearly demonstrated by the cases in which we have recognized the right of the parties to submit to arbitration, under KRS 417.011 (or a similar statute), controversies over amounts arising under contracts with counties. See Remington v. Harrison County Court, 12 Bush. 148, and Carter v. Krueger & Son, 175 Ky. 399, 194 S.W.2d 553. Each of these cases involved claims for extra compensation for construction work done under a contract with a county.

No question seems to be raised, or could properly be raised, concerning the authority of the Department to enter into the arbitration agreement since this is clearly a supplemental contract it was authorized to make.

To the extent that the arbitration agreement relates to the enforcement or performance of the contract, the Franklin Circuit Court had jurisdiction to proceed under KRS 417.011, and the attempted cancellation of the agreement was ineffective to terminate that proceeding. The circuit court erroneously set aside the original order submitting to arbitration on the ground that it was without jurisdiction.

The judgment is reversed for consistent proceedings.