B. E. KING, Commissioner of Highways, and the Commonwealth of Kentucky, Department of Highways (No. S–14–71), Appellants,

v.

Albert D. SERMONIS, Appellee.

DEPARTMENT OF NATURAL RESOURCES (No. F–301–71), Appellant,

v.

Homer HALL, Appellee.

DEPARTMENT OF HIGHWAYS of Kentucky et al. (No. W–80–72), Appellants,

v.

Truby CORNETT et al., Appellees.

Court of Appeals of Kentucky.

June 9, 1972.

Carl T. Miller, Jr., Department of Highways, Frankfort, Charles Speed Gray, Louisville, Phillip K. Wicker, Somerset, for B. E. King and Com. of Ky. Dept. of Highways.

William A. Young, Young & Williams, Frankfort, for Albert D. Sermonis.

James E. Boyd and James F. Perkins, Dept. of Natural Resources, Frankfort, Judith S. Boggs, Department of Mental Health, Frankfort, for Dept. of Natural Resources.

Edward F. Prichard, Jr., and James C. Hudson, Frankfort, for Homer Hall.

Bernard B. Davis, Louisville, for Dept. of Highways of Ky. and others.

Edward F. Prichard, Jr., and James C. Hudson, Frankfort, for Truby Cornett and others.

CULLEN, Commissioner.

In separate actions, three merit-system employes of departments of the state government of Kentucky, who had been discharged, obtained judgments directing their reinstatement with back pay. Each of the three judgments was appealed by the employing department, and the three appeals have been consolidated for consideration and disposition.

In each of the three cases the employe, holding a classified position, was discharged pursuant to a written statement accusing him of engaging in specified political activities in violation of KRS 18.-310(3), (4) and he appealed to the Personnel Board. The board found that the discharge was without cause, in that there was a complete failure of proof of guilt of the charges, but the board found that the discharge action was not taken for any political, religious or ethnic reason. The board recommended reinstatement of the employe, but the employing department refused reinstatement. The employe then brought suit in the circuit court, against the employing department, seeking reinstatement with back pay. Being of the opinion that the requested relief was warranted on the basis of the personnel board's finding that the discharge was without cause, the circuit court granted the relief.

The primary issue on these appeals is one of statute construction. The problem arises out of an apparent conflict between KRS 18.210(17) and KRS 18.270. The former statute directs that the rules prescribed by the Commissioner of Personnel for the classified service shall provide for discharge *only for cause*. The latter. statute, providing for appeals to the Personnel Board, states that if the board finds "that the action complained of was taken by the appointing authority for any political, religious, or ethnic reason, the employe shall be reinstated to his former position or a position of like status and pay, without loss of pay" but "In all other cases" the board simply may make *recommendations,* which the appointing authority is not required to follow. The obvious conflict between the two statutes is that KRS 18.210(17) says that a classified employe can be discharged only for cause, while KRS 18.270 appears to say that an employe in practical effect can be discharged without cause so long as the discharge is not for a political, religious or ethnic reason.

The appealing departments would have us resolve the conflict by giving precedence to KRS 18.270; they say that the part of KRS 18.270 dealing with recommendations by the Personnel Board would be completely nullified by construing KRS 18.210(17) as meaning that an employe discharged without cause is entitled to reinstatement. The trouble with that argument is, that by the same token, the provision of KRS 18.210(17) prohibiting a discharge without cause would be completely nullified by so construing KRS 18.270 as to permit an employe effectively to be discharged without cause.

■ The purpose of the merit-system statutes is stated in KRS 18.120 to be "to establish for the state a system of personnel administration based on merit principles and scientific methods governing the * * * removal * * * of its civil employes * * *." The provision of KRS 18.210(17) that employes may be discharged only for cause is fully consistent with the stated purpose of the law. If KRS 18.270 is construed to mean that employes can in practical effect be discharged without cause, it flatly violates the purpose of the law. In that situation, the construction that will accomplish the purpose of the law should be adopted. See Chilton v. Gividen, Ky., 246 S.W.2d 133; Jungbert v. Marret, 313 Ky. 338, 231 S.W.2d 84; Department

of Revenue v. Miller, 303 Ky. 822, 199 S. W.2d 622.

In order to give effect to the stated purpose of the merit-system law, we think KRS 18.270 must be construed as necessarily implying the proposition that if the Personnel Board finds that an employe was discharged wholly without cause, he is entitled to reinstatement with back pay. It is not necessary in that situation for the board to *order* reinstatement any more than it orders reinstatement upon a finding that a discharge was for political, religious or ethnic reasons; in either situation the finding of the essential fact is all that is required. Under this construction of the statute, the provisions with reference to a finding of political, religious or ethnic reasons for a discharge, and to "all other cases," apply only where the board first has found the existence of a cause that would be a legal ground for discharge; the board may find that the discharge actually was for political, religious or ethnic reasons rather than for the technical cause found to exist; or the board may find that there are mitigating circumstances such as to warrant a *recommendation* for reinstatement even though legal cause for discharge exists.

█ Under the foregoing construction, the Personnel Board on an appeal under KRS 18.270 is simply a fact-finding agency, with a power of recommendation where its findings do not require reinstatement. Of course, despite the statement in KRS 18.270 that "Any action or decision taken or made hereunder shall be final and not subject to judicial review," a finding by the board can be questioned by the courts on the ground of arbitrariness. See Pritchett v. Marshall, Ky., 375 S.W.2d 253; Goss v. Personnel Board, Ky., 456 S.W.2d 824; Thurman v. Meridian Mutual Ins. Co., Ky., 345 S.W.2d 635.

The construction made herein is consistent with the holding in Goss v. Personnel Board, Ky., 456 S.W.2d 819, that an attempted discharge without a sufficient statement of reasons is void, for both opinions give meaning to the provision of KRS 18.210(17) that a classified employe may be discharged only for cause.

█ The appellant Department of Highways in the Truby Cornett case undertakes to argue governmental immunity. However, the appellant concedes that to the extent KRS 18.270 specifically provides for reinstatement with back pay, the veil of sovereign immunity has been lifted. Since we are holding that KRS 18.270 by necessary implication provides for reinstatement in case of any discharge without cause, it would seem to follow that the governmental immunity has been waived to that extent also. Furthermore, KRS 18.240 clearly contemplates that suits may be brought to compel compliance with the merit-system law. We make reference also to the decisions holding that an action against a state officer to compel performance by him of a ministerial duty is not an action against the state. See Watkins v. Department of Highways, Ky., 290 S.W.2d 28; City of Louisville v. Martin, 284 Ky. 490, 144 S.W.2d 1034.

We do not find it necessary to pass on the question, raised on the appeal in the Homer Hall case, of possible lack of due process in the procedure followed by the Personnel Board of full board review of a hearing officer's recommendations with the use of an *abstract* of the evidence at the hearing before him, prepared by the hearing officer and not furnished to the parties. We shall say, however, that the question raises serious doubts.

The judgments are affirmed on all three appeals.

All concur.