**30**

William H. FREDERICK, M.D.,
Appellant,

v.

UNIVERSITY OF KENTUCKY
MEDICAL CENTER, Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1979.

Discretionary Review Denied
April 15, 1980.

Kent Masterson Brown, Lexington, for appellant.

John C. Darsie, Jr., Gay M. Elste, Lexington, for appellee.

Before HOGGE, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

The appellant, William H. Frederick, appeals from an order of the Fayette Circuit Court dismissing his medical malpractice claim against the University of Kentucky Medical Center. The trial court ruled that the claim was barred by sovereign immunity.

The appellant maintains that through enactment in 1976 of KRS 164.939 to 164.944 the General Assembly intended to and did waive sovereign immunity as to medical malpractice claims against the Medical Center. KRS 164.939 et seq. permitted the Medical Center, upon appropriate action by the Board of Trustees of the University of Kentucky, to create a "basic coverage compensation fund" for payment of malpractice claims. KRS 164.940(1) defines the fund as one for the purpose of paying claims or judgments for personal injury or death to patients resulting from any tort or breach of duty based on health care services rendered *"by the university* or its agents." (Emphasis added.) KRS 164.939 states the purpose of KRS 164.939 to 164.944 to be to promote health and general welfare by authorizing the University of Kentucky to establish from its own funds a fund to assure "that health care malpractice claims or judgments *against itself,* or its agents will be satisfied." (Emphasis added.) It is this and other language found in these statutes which the appellant contends evinces the intent of the General Assembly to waive sovereign immunity.

There can be little doubt that this legislation permitted establishment of a fund from which malpractice claims and judgments against the Medical Center could be paid but only those "which no entity other than the university and its agents is or will be obligated either by law or contract to pay and discharge." KRS 164.941(3). Absent a waiver of sovereign immunity, the University or its medical center, of course, could have no obligation to pay the claim of the appellant. When viewed from the standpoint of discerning a legislative purpose to waive immunity for the Medical Center, the statutory language employed is at best ambiguous and therefore wholly inadequate to comply with the requirements of Section 231 of the Kentucky Constitution.

In Kentucky, sovereign immunity may not be waived by implication because Section 231 of the Constitution has been interpreted as requiring specific waiver by the General Assembly directing in what manner and in what courts suit may be brought. *Foley Construction Company v. Ward*, Ky., 375 S.W.2d 392 (1963); *Kentucky State Park Commission v. Wilder*, 256 Ky. 313, 76 S.W.2d 4 (1934). There is nothing in KRS 164.939 *et seq.* which either specifically waives immunity or directs the manner and in what courts malpractice claims against the Medical Center may be brought.[1] Even when we read these statutes in conjunction with KRS 304.40–010 *et seq.* as urged by the appellant, we are still unable to discern a specific legislative waiver of the immunity of the Medical Center.

The order of the trial court is affirmed.

All concur.

---

1. Our determination that there has been no waiver of sovereign immunity to permit malpractice actions against the University of Kentucky Medical Center in circuit courts in no way forecloses the possibility of action against the Medical Center before the Board of Claims under the provisions of KRS 44.070 to 44.160. We note that counsel for appellee stated at oral argument that the basic coverage compensation fund has been used to satisfy awards made by the Board of Claims against the Medical Center. Additionally, while the Medical Center may not be sued directly in circuit court, judgments obtained in that court against employees of the Medical Center are payable from the fund under the statute, subject to the limitation contained in KRS 44.160. *See Dardeen v. Greyhound Corporation*, Ky., 412 S.W.2d 585 (1967).